163 So.2d 51 (1964)
George G. VANDENBERGHE, Julian Vandenberghe and Jules Vandenberghe, Appellants,
v.
Samuel E. POOLE, Jr., Appellee.
No. 3958.
District Court of Appeal of Florida. Second District.
March 4, 1964.
Petition for Rehearing Stricken April 3, 1964.
Harry M. Hobbs, of Hobbs, de la Parte & Whigham, Tampa, for appellants.
No appearance for appellee.
PER CURIAM.
Affirmed.
ALLEN, Acting C.J., and SHANNON, J., and RAWLS, JOHN S., Associate Judge, concur.

ORDER STRIKING PETITION FOR REHEARING
PER CURIAM.
We have considered the Petition for Rehearing filed by counsel for the appellants in this case and are ordering said Petition stricken because of the contemptuous and impudent langauge used in said Petition.
This court has probably been too lenient in the past in not striking other Petitions for Rehearing for the same reasons set forth above. It is not a part of an attorney's duties to his clients to use language in his Petition for Rehearing, or in any other papers filed in this court, that is actually insulting to the members of the panel which heard the case.
It is, therefore, ordered that the Clerk strike the Petition for Rehearing in this case from the files of the court.
ALLEN, Acting C.J., and SHANNON, J., concur.
RAWLS, JOHN S., Associate Judge, concurs specially.
RAWLS, JOHN S., Associate Judge (concurring specially).
Appellant's attorney predicated his petition for rehearing with the following statement:
"This Appellate Court has either ignored the law or is not interested in determining the law."
The majority of this Court has found such language contemptuous. I agree. It is the lack of action being taken against the offending attorney that I question.
A member of The Florida Bar well knows the impropriety of directing such language to courts of this State. I am quite certain that at times individual members *52 of the Bar have harbored such sentiments as here expressed; however, I am amazed to find an officer of the Court expressing such sentiments in a pleading. To use a colloquialism, "You can think it, but you better not say it." I am fearful that the mere striking of such a pleading will only serve to encourage others to give vent to their emotions, rather than to dispassionately plead their cases.
To be in contempt of a court of this State is a serious offense on the part of an attorney. I would issue a rule nisi directed to Harry M. Hobbs, Esquire, to appear before this Court on a day and a time certain and show cause why he should not be adjudged in contempt of this Court and punished accordingly.