**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

**v.**

**James C. JERNIGAN, Respondent.**

**No. 87–SC–140–KB.**

Supreme Court of Kentucky.

Oct. 15, 1987.

Susan F. Stivers, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Uhel Barrickman, Glasgow, for respondent.

## OPINION AND ORDER

This case came to us from the Board of Governors of the Kentucky Bar Association, which found the respondent guilty on two counts of ethical violations, viz., DR 1–102(A)(6) for conduct which adversely reflects on his fitness to practice law and DR 7–102(A)(8) for conduct contrary to a disciplinary rule.

The two violations occurred as the result of a long history of animosity between James C. Jernigan and then District Judge Jack Wood, culminating in an incident on November 21, 1983, at which Wood allegedly called Jernigan a profane and provocative name as a result of which Jernigan, in the hall of the courthouse, kicked Wood in the groin. The second violation occurred on December 8, 1983, when Jernigan had published in the Tompkinsville News an article referring to Wood and his attorney in scurrilous language.

We have reviewed the record herein and heard oral arguments by both complainant and respondent, and are of the opinion that both violations were of such nature as to bring the bench and bar into disrepute and were contrary to the rules aforesaid. However, the penalty suggested by the Board of Governors is in excess of that warranted by the evidence.

The respondent is hereby publicly reprimanded, and is further ordered to pay the costs herein.

Entire court sitting.

GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

LEIBSON, J., files an opinion concurring in part and dissenting in part in which LAMBERT, J., joins.

STEPHENS, Chief Justice, dissenting.

While I concur with the Opinion of the majority of this Court in declaring Mr. Jernigan guilty of both charges, I strongly disagree with the sanction imposed, a public reprimand.

It is conceded that Mr. Jernigan and former Judge Wood had a long history of petty quarreling and animosity. Conceding that former Judge Wood, on the day described, did call Mr. Jernigan a "profane and provocative" name, it is my belief that the action taken by Mr. Jernigan—viz., kicking Judge Wood in the groin—was not justified by *any words* uttered by Judge Wood. If Judge Wood was acting improperly, Mr. Jernigan's remedy was to report him to the constitutionally created Retirement and Removal Commission, who has authority to discipline judges in such matters.

The "article" paid for by Mr. Jernigan and published in the local paper was, to say the least, vicious, scurrilous, and in bad taste. I believe this action of Mr. Jernigan, standing by itself, would justify a more serious sanction than a public reprimand.

The kicking of a judge, by an attorney, and the public castigation of a judge, by an attorney, is not acceptable conduct by an attorney, *under any circumstance.* I recommend that Mr. Jernigan be suspended from the practice of law for a period of one year.

LEIBSON, Justice, concurring in part, dissenting in part.

Respectfully, I dissent from that portion of the decision that finds Jernigan guilty of unprofessional conduct for assaulting the judge. Jernigan was provoked beyond endurance by vicious insults, and the assault took place in the hallways. The trial commissioner found that the assault was a personal matter rather than disrespect to a court during a proceeding. I agree.

I do agree that Jernigan deserves a reprimand for the newspaper article, whether

factual or not, because it was scurrilous in nature. However, in view of his long history in the law, which includes no previous misconduct, I think a *private* reprimand is enough. Thirty-five years of meritorious service at the bar ought to count for something.

LAMBERT, J., joins.