KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Louis M. WALLER, Respondent.

No. 96–SC–119–KB.

Supreme Court of Kentucky.

Aug. 29, 1996.

Jay R. Garrett, Kentucky Bar Association, Frankfort, KY, for Complainant.

Louis M. Waller, Russellville, KY, Pro Se.

## OPINION AND ORDER

In June of 1994, respondent, Louis M. Waller, represented a client in a civil matter in the Logan Circuit Court. During the pendency of the action, but after having granted an injunction, the regular judge recused himself from hearing the case "because his impartiality might reasonably be questioned." A special judge, the Hon. William Harris, was then appointed.

After the appointment of Judge Harris, Waller filed a motion to set aside the earlier temporary injunction. On June 21, 1994, Waller filed a memorandum styled as "Legal Authorities Supporting the Motion to Dismiss" which contained the following introductory language:

Comes defendant, by counsel, and respectfully moves the Honorable Court, much better than that lying incompetent ass-hole it replaced if you graduated from the eighth grade....

On June 24, 1994, Special Judge Harris ordered Waller to appear before the Logan Circuit Court and show cause why he should not be adjudged in contempt for filing such a scurrilous pleading. On June 29, 1994, Special Judge Harris rendered his findings of fact and conclusions of law, and found Waller to be in contempt of the Logan Circuit Court for his intemperate language and for his failure "to maintain the required respect due this court and the regular Judge thereof." For this contempt Waller was fined $499.00 and sentenced to thirty days in the county

jail. The Court of Appeals affirmed the contempt judgment and we denied discretionary review on January 11, 1996.

Based upon information provided by Special Judge Harris, the Inquiry Tribunal of the Kentucky Bar Association initiated a complaint against Waller, which charged him with one count of violating SCR 3.130–3.5(c) for using disparaging language that was intended to disrupt the court; one count of violating SCR 3.130–4.4 for using language that served no purpose and was intended to embarrass the regular circuit judge; and one count of violating SCR 3.130–3.4(e) when he used the specific language to describe the regular circuit judge who had recused, and thus knowingly and intentionally alluded to a matter not relevant to the cause under consideration by the court of supported by admissible evidence. The Inquiry Tribunal later issued an amended complaint in which Waller was charged with violating SCR 3.130–8.2(a) for making an unfounded statement concerning the qualifications and integrity of Judge Fuqua. Waller submitted an answer to all charges. He was found not guilty of Counts I, II, and III, but a unanimous Board of Governors found Waller guilty of violating SCR 3.130–8.2(a). The Board then recommended that Waller be publicly reprimanded. On April 25, 1996, we noticed review of the decision of the Board of Governors pursuant to SCR 3.370(8).

A review of the record in this proceedings reveals that respondent's pleadings in the underlying civil action, in the contempt proceedings, and in the later disciplinary proceedings, are generally scandalous and bizarre. When given an opportunity to show cause why he should not be found in contempt, respondent filed a document styled "Memorandum In Defense of the Use of the Term 'As–Hole' (sic) to Draw the Attention of the Public to Corruption in Judicial Office" which, as indicated by its title, continued to assert corruption in the judicial system. He asserted that "[t]he undersigned would show the honorable reviewing tribunal that he does not know fear and if, while this case is pending in the courts, some interim punishment is deemed appropriate suggests, in all sincerity, flogging, caning or other physical torture."

In an earlier pleading denominated "A Showing Of Cause," respondent asserted that the regular judge was a liar, a racist, that he was incompetent, and that he had a personal interest in proceedings before him. Respondent went further and offered:

Do with me what you will but it is and will be so done under like circumstances in the future. When this old honkey's sight fades, words once near seem far away, the pee runs down his leg in dribbles, his hands tremble and his wracked body aches, all that will remain is a wisp of a smile and a memory of a battle joined— first lost—then won. .

Apparently not yet satisfied, respondent continued filing similar bizarre pleadings throughout the disciplinary process. In his "Answer to First Amended Complaint," respondent repeated his allegations of corruption and included a "P.S.", as follows:

And so I place this message in a bottle and set it adrift on a sea of papers—hoping that someone of common sense will read it and ask about the kind of future we want for our children and whether or not the [corruption in] the judiciary should be exposed. My own methods have been unorthodox but techniques of controlling public opinion and property derived from military counter-intelligence are equally so. My prayer is that you measure reality not form ... [o]r is it too formitable (sic) a task and will you yourself have to forego a place at the trough? There is a better and happier way and—with due temerity I claim to have found it—it requires one to identify an ass hole when he sees one.

◼ Even in his brief to this Court, respondent takes the view that his statements were true, that the matter is not one that concerns the judiciary but rather "a private matter between the parties for which a private remedy exists," and that such comments are protected by the First Amendment to the United States Constitution. Such a claim is without merit. *See, e.g., In re Sawyer,* 360 U.S. 622, 79 S.Ct. 1376, 3 L.Ed.2d 1473 (1959); *Kentucky Bar Association v. Heleringer,* Ky., 602 S.W.2d 165, 167–68 (1980). Respondent's assertion that he was denied an evidentiary hearing to prove the truth of his

allegations is also without merit as only a question of law was presented.

■ Respondent appears to believe that truth or some concept akin to truth, such as accuracy or correctness, is a defense to the charge against him. In this respect he has totally missed the point. There can never be a justification for a lawyer to use such scurrilous language with respect to a judge in pleadings or in open court. The reason is not that the judge is of such delicate sensibilities as to be unable to withstand the comment, but rather that such language promotes disrespect for the law and for the judicial system. Officers of the court are obligated to uphold the dignity of the Court of Justice and, at a minimum, this requires them to refrain from conduct of the type at issue here.

■ The Board of Governors recommended only that respondent be publicly reprimanded. While we have given due regard to the Board's recommendation and would agree if this were an isolated incident of intemperate language accompanied by a meaningful expression of regret, such is not the case. Respondent is utterly unrepentant and apparently intent on convincing this Court of the truth of his assertions. As such, we must impose a punishment of sufficient severity to forcefully inform respondent that he is wrong. Regardless of his personally-held views, if respondent desires to continue practicing law in the Commonwealth of Kentucky, he must conform his professional conduct to minimum acceptable standards. Consideration should be given to the desirability of professional counseling.

IT IS THEREFORE ORDERED:

That the respondent, Louis M. Waller, be, and he is hereby, suspended from the practice of law in Kentucky for a period of six (6) months, and is further ordered to pay the costs of this proceeding.

The respondent shall, within ten (10) days of the date of entry of this order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States Mail, and the respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

STEPHENS, C.J., and BAKER, GRAVES, KING, LAMBERT, and WINTERSHEIMER, JJ., concur.

STUMBO, J., files a separate opinion concurring in part and dissenting in part.

ENTERED: August 29, 1996.

/s/ Robert F. Stephens
Chief Justice

STUMBO, Justice, concurring in part and dissenting in part.

Respectfully, I dissent from that part of the opinion which imposes a suspension from practice upon Mr. Waller. The Board of Governors saw fit to recommend only a public reprimand, a punishment with which I agree. Mr. Waller has previously been found to be in contempt of the Logan Circuit court for his words and has paid a fine in addition to serving a sentence in the county jail. There is no evidence in this record that until this case arose, he has been the recipient of discipline by this or any other Court in the course of nearly forty years of the practice of law. I would not further punish him by depriving him of his livelihood. To paraphrase Justice Leibson, "[forty] years of meritorious service at the bar ought to count for something." *Kentucky Bar Ass'n v. Jernigan*, Ky., 737 S.W.2d 693, 695 (1987) (Leibson, J., dissenting).