797 So.2d 556 (2001)
THE FLORIDA BAR, Complainant,
v.
Michael Dean RAY, Respondent.
No. SC94433.
Supreme Court of Florida.
August 16, 2001.
Rehearing Denied October 1, 2001.
*557 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL; and Randi Klayman Lazarus, Bar Counsel, Miami, FL, for Complainant.
Neil D. Kolner, Miami, FL, for Respondent.
Tammy Fox-Isicoff, Committee Representative, Miami, FL, for American Immigration Lawyer's Association, South Florida Chapter, Amicus Curiae.
Jonathan P. Rose, Miami, FL, for American Immigration Lawyers Association, Amicus Curiae.
PER CURIAM.
Michael Dean Ray has petitioned for review of a referee's report recommending that he be publicly reprimanded for making certain statements regarding an administrative law judge in the United States Executive Office for Immigration Review. We have jurisdiction. See art. V, § 15, Fla. Const. Upon due consideration of the issues and defenses raised by Ray, we approve the referee's report in full.

FACTS
Ray frequently appeared before a certain immigration court judge in Miami. From February 1996 through August 1997, Ray wrote three letters to the Chief Immigration Judge in Virginia. In these letters, Ray made several statements which questioned the veracity and integrity of the immigration judge, as well as his fairness at a hearing for one of Ray's clients.[1] Based on some of the statements made in these letters, the Bar filed a complaint of minor misconduct against Ray, alleging that he had violated Rule of Professional Conduct 4-8.2(a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge."). A referee was appointed and following a hearing on disputed factual and legal issues, the referee found that certain statements in the letters were false, and that Ray had made *558 the statements with reckless disregard as to their truth or falsity:
The letters contained accusations which are utterly false and they were made in my way of thinking at a minimum at a minimumwith reckless disregard for the truth.
Indeed, if there is one word that characterizes these letters, it is reckless.
... I have read that transcript and I have listened to the tape and there was nothingnothingthat transpired in that hearing that would justify such outrageously false accusations. And I am utterly appalled that this kind of language would be used against anybody on evidence that barely qualifies as sketchy.
In light of these findings, the referee recommended that Ray be found guilty of violating Rule of Professional Conduct 4-8.2(a), and that Ray be publicly reprimanded. Ray now petitions for review.

ANALYSIS
Ray and the amici curiae[2] in this case raise several arguments as to why Ray is not guilty of violating rule 4-8.2(a),[3] all of which can be distilled down to Ray's contention that his statements were protected speech under the First Amendment and therefore this Court cannot sanction him for these statements. For the reasons expressed, we hold that the statements in Ray's letters were not protected speech under the First Amendment for purposes of this case because Ray did not have an objectively reasonable basis in fact for making the statements.
Ray contends that the statements in his letters were his opinion and that he had a subjectively reasonable basis in fact for making the statements. Subsumed in this argument is Ray's contention that the standard for defamation cases announced in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), applies in attorney disciplinary proceedings in Florida. Although the language of rule 4-8.2(a) closely tracks the subjective "actual malice" standard of New York Times, following a review of the significant differences between the interests served by defamation law and those served by ethical rules governing attorney conduct, we conclude that a purely subjective New York Times standard is inappropriate in attorney disciplinary actions.
The purpose of a defamation action is to remedy what is ultimately a private wrong by compensating an individual whose reputation has been damaged by another's defamatory statements. However, ethical rules that prohibit attorneys from making statements impugning the integrity of judges are not to protect judges from unpleasant or unsavory criticism. Rather, such rules are designed to preserve public *559 confidence in the fairness and impartiality of our system of justice. See Kentucky Bar Ass'n v. Waller, 929 S.W.2d 181, 183 (Ky.1996) (disrespectful language directed at judge is not sanctioned because "the judge is of such delicate sensibilities as to be unable to withstand the comment, but rather that such language promotes disrespect for the law and for the judicial system"), cert. denied, 519 U.S. 1111, 117 S.Ct. 949, 136 L.Ed.2d 837 (1997). Because members of the Bar are viewed by the public as having unique insights into the judicial system, the state's compelling interest in preserving public confidence in the judiciary supports applying a different standard than that applicable in defamation cases. For this reason, we, like many other courts, conclude that in attorney disciplinary proceedings under rule 4-8.2(a), the standard to be applied is whether the attorney had an objectively reasonable factual basis for making the statements. See United States Dist. Court v. Sandlin, 12 F.3d 861, 864, n. 13 (9th Cir.1993) (rejecting purely subjective defamation standard and applying objective standard, requiring court to determine whether the attorney had a reasonable factual basis for making the statements); In re Holtzman, 78 N.Y.2d 184, 573 N.Y.S.2d 39, 577 N.E.2d 30 (declining to adopt subjective New York Times standard in attorney disciplinary proceeding regarding statements critical of judiciary, as doing so "would immunize all accusations, however reckless or irresponsible, from censure as long as the attorney uttering them did not actually entertain serious doubts as to their truth") cert. denied, 502 U.S. 1009, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991); In re Graham, 453 N.W.2d 313, 322 (Minn.) (standard in disciplinary proceedings involving criticism of judiciary "must be an objective one dependent on what the reasonable attorney, considered in light of all his professional functions, would do in the same or similar circumstances"), cert. denied, 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990).
The referee in the instant case heard evidence from both the Bar and Ray regarding whether Ray had a reasonable basis in fact to make the statements he made in his letters and determined that Ray did not. Ray's statements that questioned the judge's veracity were found by the referee to be based on statements that the judge never made, and the referee concluded that it was impossible to "call someone a liar for a statement they never made." As to Ray's allegations of the judge's unfairness at a hearing for one of Ray's clients, the referee, after reviewing a tape recording and a transcript from the hearing, found that there was "nothing that transpired in that hearing that would justify such outrageously false accusations," and that the evidence Ray relied upon in making the statement "barely even qualifies as sketchy." The referee concluded that Ray's statements were made "with a reckless disregard for the truth."
Although Ray urges this Court to reweigh the evidence presented to the referee and determine that his statements are opinions which had a reasonable basis in fact, we have reviewed the entirety of the record, and conclude that the referee's findings in this regard are supported by competent substantial evidence. See Florida Bar v. Herzog, 521 So.2d 1118, 1119-1120 (Fla.1988) ("Although there was conflicting testimony concerning each of the disputed issues, `the referee, as our fact finder, properly resolves conflicts in the evidence.' ... Findings of fact will be upheld unless they are without support in the record or clearly erroneous."). We therefore approve the referee's findings that Ray made the statements in his letters with reckless disregard as to their truth or falsity. See Florida Bar v. Clark, 528 So.2d 369, 372 (Fla.1988) (lawyer sanctioned *560 under former Disciplinary Rule 8-102(B) "not for exercising his right to criticize the judiciary but for making false and unsubstantiated charges against the judiciary").
Ray and the amici also contend that Ray's letters to the Chief Immigration Judge were an accepted manner in which to seek redress when an attorney is having difficulties with an immigration judge. Amici also express concern that this method of expressing criticism of the judiciary will be severely limited if the referee's recommendations here are approved. We disagree. Our resolution of this case does not limit an attorney's legitimate criticism of judicial officers; we simply hold that an attorney must follow the Rules of Professional Conduct when so doing. Although attorneys play an important role in exposing valid problems within the judicial system, statements impugning the integrity of a judge, when made with reckless disregard as to their truth or falsity, erode public confidence in the judicial system without assisting to publicize problems that legitimately deserve attention. See State ex rel. Oklahoma Bar Ass'n v. Porter, 766 P.2d 958, 969 (Okla.1988) ("Members of the Bar possess, and are perceived by the public as possessing, special knowledge of the workings of the judicial branch of government. Critical remarks from the Bar thus have more impact on the judgment of the citizen than similar remarks by a layman would be calculated to have.").
In light of the above, we approve the referee's recommendation as to guilt, and conclude that the referee's recommendation of a public reprimand has a reasonable basis in existing caselaw. See Florida Bar v. Graham, 679 So.2d 1181 (Fla.1996); Florida Bar v. Flynn, 512 So.2d 180 (Fla. 1987) (decided under former Disciplinary Rule 8-102(B)). We therefore approve the referee's recommended discipline.

CONCLUSION
Michael Dean Ray is hereby publicly reprimanded, and his reprimand will be accomplished by publication of this opinion in the Southern Reporter. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Michael Dean Ray in the amount of $2,303.86, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] We decline to reproduce the statements here.
[2] The American Immigration Lawyers Association and the American Immigration Lawyers Association, South Florida Chapter, filed amicus briefs on Ray's behalf.
[3] Ray also raises two additional points which merit only a brief discussion. Ray argues that the referee improperly denied his motion for summary judgment; however, the Bar proffered an affidavit in opposition which demonstrated issues of material fact, and we therefore find no error in the referee's denial of Ray's summary judgment motion. See generally Smith v. Harr, 571 So.2d 575, 577 (Fla. 5th DCA 1990) (affidavit in opposition to summary judgment motion "need only raise a material issue of fact to survive the motion," and "[a]ll inferences, doubts, and conclusions must be construed in favor of the party opposing summary judgment"). Ray also argues that the burden of proof was improperly shifted to him to substantiate his statements. However, there is no debate that the statements at issue concerned "the qualifications or integrity of a judge," R. Regulating Fla. Bar 4-8.2(a), and we see no error in the burden then shifting to Ray to provide a factual basis in support of the statements.