# Third District Court of Appeal
### State of Florida

Opinion filed December 5, 2018.

_____

No. 3D17-352
Lower Tribunal No. 13-29724
_____

**Aquasol Condominium Association, Inc.,**
Appellant,

vs.

**HSBC Bank USA, National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael Hanzman and Rodolfo A. Ruiz, Judges.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

DeLuca Law Group, PLLC, and Shawn Taylor (Fort Lauderdale), for appellee.

Wasson & Associates, Chartered, and Roy D. Wasson; Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for Bruce Jacobs, Esquire and Jacobs Legal, PLLC.

Before LAGOA, EMAS and FERNANDEZ, JJ.

PER CURIAM.

## ORDER IMPOSING SANCTIONS

This court issued a corrected order[1] directing Bruce Jacobs, Esquire, and Jacobs Legal, PLLC, to show cause why this court should not impose sanctions for filing a motion and briefs that violate the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar. Upon our review of the verified response (and amended verified response) to the show cause order, and for the reasons discussed herein, we find that Mr. Jacobs and Jacobs Legal, PLLC, have failed to show good cause why this court should not impose sanctions.

Specifically, this court finds that Mr. Jacobs violated Rule 4-8.2(a), Rules Regulating the Florida Bar, by impugning the qualifications or integrity of the judges of this court and of the trial court. That rule provides in relevant part that a "lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." The applicable standard under the rule is not whether the statement is false, but whether Mr. Jacobs had an objectively reasonable factual basis for making the statement. The Florida Bar v. Ray, 797 So. 2d 556, 558-59 (Fla. 2001). The burden is on the lawyer who made the statement to produce a factual basis to support the statement. Id. at 558 n.3. We conclude there was no objectively reasonable factual basis for the statements made by Mr. Jacobs in his motion for

---

[1] The changes made in the corrected order were unrelated to the underlying conduct that formed the basis for issuance of the order to show cause.

rehearing and rehearing en banc.[2] This court further finds that Mr. Jacobs filed a motion that is frivolous or in bad faith, in violation of Florida Rule of Appellate Procedure 9.410(a), which provides:

> After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any . . . motion . . . that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney's fees, or other sanctions.

Mr. Jacobs' responses to the show cause order proffer no objectively reasonable factual basis for his statements. Instead, and commendably, Mr. Jacobs retained counsel and filed a response and amended response[3] in which he avers that he "fully understands the nature and wrongfulness of his conduct," is "deeply remorseful and apologetic to this Court for his actions," and is pursuing appropriate corrective measures to ensure this misconduct is not repeated. Mr. Jacobs also properly acknowledges that his acceptance of responsibility, statements of remorse, and assurances of corrective measures do not excuse his wrongful conduct, but he offers them (with additional explanation[4]) as mitigating

---

[2] We also conclude that Mr. Jacobs violated his duty of candor to the tribunal (see Rule 4-3.3(a)(3), Rules Regulating the Florida Bar) by failing to disclose to this court, in either his amended initial brief or reply brief (or by notice of supplemental authority) controlling law adverse to his position. See HSBC Bank USA, N.A. v. Buset, 241 So. 3d 882 (Fla. 3d DCA 2018). However, the sanctions imposed by this order are based solely upon Mr. Jacobs' violation of Rule 4-8.2(a) and Florida Rule of Appellate Procedure 9.410(a).

[3] Mr. Jacobs also filed a motion to seal his response as confidential pursuant to Florida Rule of Judicial Administration 2.420, and an amended motion seeking the same relief. We deny those motions.

circumstances for us to consider and weigh in determining the appropriate sanctions to be imposed.

We have considered and weighed Mr. Jacobs' responses, together with the extraordinary and corrosive nature of Mr. Jacobs' attack on the integrity of the trial court and this court. We are ever-mindful that, as a self-regulated profession, we must strive to maintain the public's confidence in the independence and integrity

[4] While we accept generally and at face value Mr. Jacobs' acknowledgment of responsibility, expression of remorse, and stated intent to pursue corrective measures, it comes with this caveat: In his responses, Mr. Jacobs asserts that his conduct in this case was an isolated incident, caused by the merits opinion issued by this panel, and borne of a temporary state of fear and time pressures. However, we cannot ignore the fact that Mr. Jacobs has, over at least the past eighteen months, engaged in similar (though perhaps less egregious) conduct in other appeals, as evidenced by pleadings and motions filed by him in those cases. See, e.g., Barek v. HSBC Bank USA N.A., 3D17-1426 (Appellant's Motion for Rehearing, for Rehearing En Banc and Request for a Written Opinion, **filed August 16, 2018**); Bryan v. Citibank, N.A., 3D17-1058 (Appellant's Motion for Reconsideration, for Rehearing En Banc, and/or for a Written Opinion on the Order Granting Appellee's Motion to Dismiss Appeal, **filed August 3, 2018**); Rodriguez v. Bank of America, 3D17-272 (Appellant's Motion for Rehearing, for Rehearing En Banc, and Request for a Written Opinion, **filed May 31, 2018**); Marin v. Bank of New York, 3D17-1730 (Appellants' Motion for Rehearing En Banc and Request for Written Opinion, **filed May 31, 2018**); Alexander v. Bayview Loan Servicing, LLC, 3D16-2228 (Appellants' Motion for Rehearing, for Rehearing En Banc, and Request for a Written Opinion, **filed February 22, 2018**); Carlisle v. U.S. Bank, N.A., 3D17-58 (Appellant's Motion for Rehearing En Banc, **filed August 3, 2017**); Marin v. Bank of New York, 3D15-1927 (Appellants' Motion for Rehearing, Rehearing En Banc and Request for a Written Opinion, **filed February 27, 2017**).

To be clear, this order does not impose sanctions for Mr. Jacobs' conduct in the above-cited cases. Rather, we refer to those cases solely to explain our consideration and weighing of Mr. Jacobs' proffered explanation for his misconduct in the instant case.

4

of the judicial branch. We must also ensure that members of the Florida Bar comply with the rules of conduct, civility and professionalism that regulate our profession. As the United States Supreme Court cogently observed in Williams-Yulee v. The Florida Bar, __ U.S. __, 135 S.Ct. 1656, 1666, 191 L.Ed. 2d 570 (2015):

> We have recognized the "vital state interest" in safeguarding "public confidence in the fairness and integrity of the nation's elected judges." Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 889, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) (internal quotation marks omitted). The importance of public confidence in the integrity of judges stems from the place of the judiciary in the government. Unlike the executive or the legislature, the judiciary "has no influence over either the sword or the purse; . . . neither force nor will but merely judgment." The Federalist No. 78, p. 465 (C. Rossiter ed. 1961) (A. Hamilton) (capitalization altered). The judiciary's authority therefore depends in large measure on the public's willingness to respect and follow its decisions.

Mr. Jacobs' conduct in the instant case violated not only the Rules Regulating the Florida Bar and the Rules of Appellate Procedure, but the most elementary norms of civility and professionalism. While judges and attorneys over the course of their career are subjected to isolated instances of incivility, the instant misconduct is beyond the pale, different not simply in degree but in kind. It is egregious misconduct which can be neither excused nor ignored. As the Florida Supreme Court observed in a recent case involving similar attorney misconduct:

> [T]his Court is greatly troubled by the general lack of respect and professionalism [counsel] displayed toward judges and other professionals in court filings and in his letter to [the presiding] Judge.

Such conduct, while an inconvenience or a mere slight to those initially confronted by it, ultimately emboldens others to engage in similar unprofessional or disrespectful acts, the net effect of which is the gradual erosion of public confidence in the courts and the decisions rendered by them. Like all lawyers in Florida, [counsel] took the Oath of Admission to The Florida Bar prior to his admission, wherein he affirmatively committed to "maintain the respect due to courts of justice and judicial officers."

This commitment is not extraneous to, but coextensive with the obligations set out in the Bar Rules. The Court expects all lawyers to conduct themselves in a respectful and professional manner when accessing the courts or appearing before a judicial officer, regardless of the form or capacity in which the appearance occurs.

The Florida Bar v. Patterson, 43 Fla. L. Weekly S471 at *7 (Fla. October 19, 2018).

Upon consideration, this court imposes the following sanctions upon Bruce Jacobs, Esquire, and Jacobs Legal, PLLC for violations of Rule 4-8.2(a) and Rule 9.410(a):

1. We formally refer this matter to the Florida Bar for appropriate disciplinary proceedings against Bruce Jacobs, Esquire.

2. We award appellees a reasonable attorney's fee for this appeal, in an amount not to exceed $5000. We remand this cause to the trial court to fix the amount. Bruce Jacobs, Esq. and Jacobs Legal, PLLC, shall be jointly and severally responsible for payment of that reasonable attorney's fee.

It is so ordered.

EMAS and FERNANDEZ, JJ., concur.

LAGOA, J. (dissenting).

I respectfully dissent. In his verified response to the corrected order to show cause, Mr. Jacobs identifies the corrective measures he is pursuing to address his actions before this Court.[5] These measures are not insubstantial, and they indicate his understanding of the nature of his conduct. Because I find that Mr. Jacobs showed good cause in his verified response, I would discharge the order.

---

[5] Given the nature of some of the corrective measures, I would grant Mr. Jacobs's motion to seal his response as confidential.