# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2018.

_____

No. 3D18-1840
Lower Tribunal No. 09-87096
_____

**Bank of America, N.A.,**
Petitioner,

vs.

**Ryan Atkin,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Liebler, Gonzalez & Portuondo, and Elizabeth A. Henriques, for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, Amida U. Frey, and Anna C. Morales, for respondent.

Before SUAREZ, LOGUE, and LINDSEY, JJ.

LOGUE, J.

**ORDER TO SHOW CAUSE**

Upon our review of the Respondent's Response to Petition for Writ of Prohibition and Motion to Disqualify the Third DCA from Ruling, Case No. 3D18-1840 (Fla. 3d DCA Sept. 17, 2018) filed by Bruce Jacobs and Jacobs Legal, PLLC, including the documents in the appendix, we hereby order Bruce Jacobs, Esquire, and Jacobs Legal, PLLC, to show cause within ten days why this court should not impose sanctions for violations of the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar.

### a. Impugning Integrity of Judges.

Every lawyer admitted to the Florida Bar has sworn that he or she "will maintain the respect due to courts of justice and judicial officers" and to "abstain from all offensive personality." In this regard, Rule 4-8.2(a) of the Rules Regulating the Florida Bar provides in pertinent part:

> A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . .

"[E]thical rules that prohibit attorneys from making statements impugning the integrity of judges are not to protect judges from unpleasant or unsavory criticism. Rather, such rules are designed to preserve public confidence in the fairness and impartiality of our system of justice." The Florida Bar v. Ray, 797 So. 2d 556, 558-59 (Fla. 2001).

Insults or disparaging comments by lawyers to courts in court filings cannot be justified as zealous advocacy because they risk alienating the very judges the lawyer was hired to persuade. Insults normally reflect--not attempts at persuasion--but the abandonment of any attempt to persuade. A lawyer resorting to insults in court filings is perhaps genuinely expressing his or her frustration at not being able to persuade the court. But this venting can come a high cost to the client's interests. And disparaging comments cannot be justified as a means to identify problems in the legal system because insults usually garner resistance to an idea rather than a sympathetic consideration.

For these reasons, "[i]t is not a part of an attorney's duties to his clients to use language in his Petition for Rehearing, or in any other papers filed in this court, that is actually insulting to the members of the panel which heard the case." Vandenberghe v. Poole, 163 So. 2d 51, 51 (Fla. 2d DCA 1964). "Although attorneys play an important role in exposing valid problems within the judicial system, statements impugning the integrity of a judge, when made with reckless disregard as to their truth or falsity, erode public confidence in the judicial system without assisting to publicize problems that legitimately deserve attention." Ray, 797 So. 2d at 560.

This court finds there is a reasonable basis to conclude that Mr. Jacobs and Jacobs Legal, PLLC violated 4-8.2(a) on September 17, 2018, when they filed the

Response containing the following statements recklessly impugning and disparaging the judges of this court and two judges of the circuit court:

- o "In <u>Simpson</u> [sic], this Court violated the standard of review, ignored Florida Supreme Court precedent, and falsified the facts in contradiction to the record."

- o "The impartiality of this Court is objectively questioned and it cannot issue a ruling with integrity in this case."

- o A named circuit court judge acted with "blatant disregard for the rule of law and the client's constitutional rights" in an unrelated case and was upheld by this Court.

- o The same circuit court judge has "recently escalated her illegal conduct."

- o A different, unnamed circuit court judge changed a favorable ruling because opposing counsel "threw a fundraiser for the new judge who rotated into the division."

Resp. at 4, 8, 9, 10, 12.

This court also finds there is a reasonable basis to conclude that Mr. Jacobs and Jacobs Legal, PLLC violated this Rule on August 10, 2018, when they filed with the United States Supreme Court the jurisdictional brief they attached as Appendix 1 to their Response containing the following statements impugning and disparaging the judges of this court and the Florida Supreme Court:

- o "The opinion [of this Court] mispresented facts, ignored Florida Supreme Court law, and disregarded evidence showing fraud. The Florida Supreme Court declined jurisdiction to address this factually and intellectually dishonest result."

4

- "The Third District Misrepresented the Amended Rule 1.540(b) Motion to reach a pre-determined result – foreclosure."

- "… the Dishonesty of the Third DCA's opinion."

- "The Florida Supreme Court has repeatedly declined to protect the constitutional rights of foreclosure defendants."

- "[I]n virtually every appeal where the trial judge ruled in favor of undersigned counsel's client, including Simpson, the Third DCA reversed with intellectually and factually dishonest opinions."

- This Court "attempt[ed] to cover up, protect, and ignore well-documented fraud on the court in foreclosures.  All to ensure a pre-determined result – foreclosure."

- "The Third DCA's Opinion is pretextual and arbitrary."

- "This Court is called on to act because the Florida Supreme Court has taken no action to prevent the Third DCA from improperly ignoring fraudulent conduct in foreclosures."

- "It is objectively reasonable to fear the Third DCA acted to reach a predetermined outcome that favors banks over homeowners – foreclosure.  If the Florida Supreme Court will not act, this Court must."

- "Democracy will not fail if financial institutions are held to the rule of law.  To the contrary, democracy falls if the public is allowed to believe Courts are biased in favor of bad corporate citizens and a fraudulent foreclosure process."

App. 1 to Resp., Pet. for Writ of Cert., <u>Simpson v. Bank of New York Mellon</u>, Case No. 18-187 (U.S. Aug. 10, 2018) at 5, 10, 13, 17, 21, 32, 33, and 43, <u>cert.</u> <u>denied</u> (Oct. 29, 2018).

**b. Frivolous Filing: Motion to Disqualify**.

Rule 9.410(a) of the Rules of Appellate Procedure authorizes this court to "impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith." Pursuant to this Rule, this court finds there is a reasonable basis to conclude that Mr. Jacobs and Jacobs Legal, PLLC violated these Rules or filed a paper that is frivolous or in bad faith when they included in their response a motion to disqualify this entire court from considering this case when this court had previously three times denied virtually identical motions filed by them. See HSBC Bank USA, Nat'l Ass'n v. Buset, Case No. 3D16-1383 (Fla. 3d DCA May 14, 2018) (denying motion to disqualify the entire Third District Court of Appeal), case dismissed, Case No. SC18-1099 (Fla. July 20, 2018) ("It appearing to the Court that the notice was not timely filed, it is ordered that the cause is hereby dismissed on the Court's own motion."); Rodriguez v. Bank of Am., N.A., Case No. 3D17-272 (Fla. 3d DCA July 2, 2018) (denying motion to disqualify the entire Third District Court of Appeal), rev. denied, Case No. SC18-1288, (Fla. Aug. 7, 2018), cert. pending, Case No. 18-723 (U.S. Oct. 11, 2018); Marin v. Bank of New York, 220 So. 3d 1220 (Fla. 3d DCA 2018) (denying motion to disqualify the entire Third District Court of Appeal), rev. denied, 2017 WL 1398651 (Fla. July 31, 2018), cert. pending, Case No. 18-711 (U.S. Sept. 19, 2018).

In light of these prior denials, the fourth motion to disqualify appears to have been designed to serve no other purpose than to allow Mr. Jacobs and Jacobs Legal, PLLC to express "the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief," Ayala v. Gonzalez, 984 So. 2d 523, 526 (Fla. 5th DCA 2008), a course of conduct which justifies sanctions. Id.

**CONCLUSION**

Based upon the foregoing, and upon this court's own motion, Bruce Jacobs, Esquire, and Jacobs Legal, PLLC, are hereby ordered to show cause within ten days why this court should not impose sanctions for filing a Response and Appendix that violate the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar.

The court reserves jurisdiction to impose such sanctions as may be appropriate and to order further response, including the personal appearance of appellant's counsel, should the written response be deemed insufficient.

Order to show cause issued.