# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-624, 3D22-625
Lower Tribunal No. 21-24767

_____

**José Yeyille,**
Appellant,

vs.

**Justin Cole Speigel, M.D.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

José Yeyille, in proper person.

Diaz Law Group, and Rolando A. Diaz; Hicks, Porter, Ebenfeld & Stein, P.A., Dinah S. Stein and Aneta McCleary, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

## ON ORDER TO SHOW CAUSE

On May 3, 2023, upon motion of appellee Justin Cole Speigel, M.D., this Court issued an order to show cause directing José Yeyille to demonstrate why he should not be barred from further pro se appeals for filing a repetitious and frivolous motion for rehearing that impugns and disparages the judges of this Court and a judge of the circuit court. Having considered Mr. Yeyille's response, we find that Mr. Yeyille has failed to show good cause why he should not be barred from further pro se filings.

Specifically, this Court finds Mr. Yeyille violated Florida Rule of Appellate Procedure 9.330(a)(2)(A), by filing a repetitious and frivolous motion for rehearing that merely reasserted previously disposed of arguments. In his motion for rehearing Mr. Yeyille failed to show—or even state with particularity—how this Court's per curiam affirmance conflicted with prior precedent or violated any of his constitutional rights. Florida law has long held that a motion for rehearing is not "an open invitation for an unhappy litigant or attorney to reargue the same points previously presented, or to discuss the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief." Ayala v. Gonzalez, 984 So. 2d 523, 526 (Fla. 5th DCA 2008); see also Jedak Corp. v. Seabreeze Off. Assocs., LLC, 248 So. 3d

242, 244 n.1 (Fla. 5th DCA 2018) (denying a motion for rehearing where "the motion expressed disagreement with the opinion, [but] failed to identify any ambiguity necessitating clarification").

Under Florida law, "a citizen . . . abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). The Florida Supreme Court has held that to ensure every citizen's access to courts, a court may prevent "abusive litigants from continuously filing frivolous petitions, thus enabling the Court to devote its finite resources to those who have not abused the system." Rivera v. State, 728 So. 2d 1165, 1166 (Fla. 1998).

The Court further finds Mr. Yeyille violated Rule 4-8.2(a), Rules Regulating the Florida Bar, by impugning the qualifications or integrity of the judges of this Court and of the trial court. Rule 4-8.2(a) states, in relevant part, that a "lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." When determining whether the rule was violated, the question is not whether the statement is false, but whether

3

Mr. Yeyille had an objectively reasonable factual basis for making the statement.  See The Florida Bar v. Ray, 797 So. 2d 556, 558–59 (Fla. 2001).

Mr. Yeyille's response to the show cause order proffers no objectively reasonable factual basis for his statements.  Rather than address the show cause order, Mr. Yeyille utilizes his response to further impugn the Judges of this Court, stating:

1. "[A]ppellate judges in the state of Florida cannot complain about their vaunted integrity because, thanks to the political process which allows large law firms to choose, buy, and own them, they do not have any."

2. "Significantly, those law firms Greenberg Traurig P.A. and Akerman LLP own the judges of the Third District Court of Appeal."

3. "Hitherto I have most proficiently provided evidence, and proven, that the judges of the judiciary of the state of Florida, from the district courts of appeals, especially the Third District Court of Appeal, to the justices of the Florida Supreme Court, are racists and elitists who deliberately issue PER•CURIAM affirmances, in the vast majority of cases that they decide, to indigents, and indigent PRO•SE Black and Hispanic parties which, in turn, preclude appeals and petitions for writs to the Florida Supreme Court."

4

4. "For now, and regarding this case only, I am confident to allege, based on public information, that the Third District Court of Appeal, is a criminal enterprise. Its judges are owned by Greenberg Traurig PA, and associate law firms including Akerman LLP, the Florida State Attorney's Office, and the local and state's governments."

5. "But none are more brazen than the current Chief Judge of the Third District Court of Appeal, Ivan Fernandez, whose mere presence is an affront to the judiciary and the people of Florida, and his actions an endless travesty of justice."

The fact that Mr. Yeyille is acting in a pro se capacity does not insulate him from the consequences of his actions. "On a proper showing, an attorney may be barred from self-representation." Sibley v. Sibley, 885 So. 2d 980, 986 (Fla. 3d DCA 2004); see also Slizyk v. Smilack, 734 So. 2d 1166, 1167 (Fla. 5th DCA 1999) ("This court has inherent power to prevent abuse of court procedure by inter alia prohibiting [any] pro se parties from appearing without the assistance of counsel."). Even non-attorney pro se individuals may be sanctioned for repeatedly filing motions that include personal attacks on judges, that are "abusive," "malicious," "insulting," and demeaning to the judiciary. Martin v. State, 747 So. 2d 386, 389 (Fla. 2000). At no point in his response does Mr. Yeyille acknowledge his responsibility as a member of

5

the Florida Bar, make any statements of remorse, admit the wrongfulness of his actions or assert any other mitigating circumstances for this Court to consider and weigh in determining the appropriate sanctions to be imposed.

This Court, therefore, pursuant to Florida Rule of Appellate Procedure 9.410(a), imposes the following sanctions upon José Yeyille for violations Florida Rule of Appellate Procedure 9.330 and Rule 4-8.2(a) of the Rules Regulating the Florida Bar:

1. We direct the Clerk of the Third District Court of Appeal to reject any further pro se filings submitted by José Yeyille, unless such filing has been reviewed and signed by a member of The Florida Bar in good standing.

2. We formally refer this matter to the Florida Bar for appropriate disciplinary proceedings against José Yeyille, Esquire.

It is so ordered.