# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1840
Lower Tribunal No. 09-87096
_____

**Bank of America, N.A.,**
Petitioner,

vs.

**Ryan Atkin,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Liebler, Gonzalez & Portuondo, and Elizabeth A. Henriques, for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, Amida U. Frey, and Anna C. Morales, for respondent.

Wasson & Associates, Chartered, and Roy D. Wasson; Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for Bruce Jacobs, Esquire and Jacobs Legal, PLLC.

Before LOGUE and LINDSEY, JJ., and SUAREZ, Senior Judge.

PER CURIAM.

**ORDER OF REFERRAL**

This court issued an order directing Bruce Jacobs, Esquire, and Jacobs Legal, PLLC, to show cause within ten days why this court should not impose sanctions for violations of the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar. Bank of Am., N.A. v. Atkin, No. 3D18-1840, 2018 WL 6658364, at *1 (Fla. 3d DCA Dec. 14, 2018). Upon review of the verified response, we refer this matter to the Florida Bar.

Rule 4-8.2(a) of the Rules Regulating the Florida Bar provides in pertinent part:

> A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . .

In our prior order to show cause, we found a reasonable basis existed to conclude that Mr. Jacobs and Jacobs Legal, PLLC, violated Rule 4-8.2(a) on September 17, 2018, when they filed Respondent's Response to Petition for Writ of Prohibition in this case containing the following statements recklessly impugning and disparaging the judges of this court and two judges of the circuit court:

- o "In Simpson [sic], this Court . . . falsified the facts in contradiction to the record."

- o "The impartiality of this Court is objectively questioned and it cannot issue a ruling with integrity in this case."

2

o A named circuit court judge acted with "blatant disregard for the rule of law and the client's constitutional rights" in an unrelated case and was upheld by this court.

o The same circuit court judge has "recently escalated her illegal conduct."

o A different, unnamed circuit court judge changed a favorable ruling because opposing counsel "threw a fundraiser for the new judge who rotated into the division."

Response at 4, 8, 9, 10, 12.

This court also found a reasonable basis exists to conclude that Mr. Jacobs and Jacobs Legal, PLLC, violated this Rule on August 10, 2018, when they filed with this court as Appendix 1 to their Response a copy of a jurisdictional brief in an unrelated case that they had filed in the United States Supreme Court wherein they made the following statements impugning and disparaging the judges of this court and the Florida Supreme Court:

o "The opinion [of this Court] mispresented facts, ignored Florida Supreme Court law, and disregarded evidence showing fraud. The Florida Supreme Court declined jurisdiction to address this factually and intellectually dishonest result."

o "The Third District Misrepresented the Amended Rule 1.540(b) Motion to reach a pre-determined result – foreclosure."

o "[T]he Dishonesty of the Third DCA's opinion."

o "The Florida Supreme Court has repeatedly declined to protect the constitutional rights of foreclosure defendants."

o "[I]n virtually every appeal where the trial judge ruled in favor of undersigned counsel's client, including Simpson, the Third

3

DCA reversed with intellectually and factually dishonest opinions."

- o This court "attempt[ed] to cover up, protect, and ignore well-documented fraud on the court in foreclosures. All to ensure a pre-determined result – foreclosure."

- o "The Third DCA's Opinion is pretextual and arbitrary."

- o "This Court is called on to act because the Florida Supreme Court has taken no action to prevent the Third DCA from improperly ignoring fraudulent conduct in foreclosures."

- o "It is objectively reasonable to fear the Third DCA acted to reach a predetermined outcome that favors banks over homeowners – foreclosure. If the Florida Supreme Court will not act, this Court must."

Appendix 1 to Response, at 5, 10, 13, 17, 21, 32, 33, & 43, Simpson v. Bank of New York Mellon, No. 18-187 (Aug. 10, 2018), cert. denied (Oct. 29, 2018).

In his verified response filed on behalf of both respondents, Mr. Jacobs "acknowledges that his commentary referenced in the Order to Show Cause was unprofessional and unwarranted." He admits these statements reflected "inappropriate comments impugning the integrity of the judiciary." He "accepts full responsibility for his inappropriate action." He explains various steps he has taken in his personal and professional life "to prevent any reoccurrence." Frankly, if this were an isolated event, we would be inclined to end this matter.

However, we have previously sanctioned Mr. Jacobs for similar unprofessional statements. Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l

4

Ass'n, No. 3D17-352, 2018 WL 6344710, at *1 (Fla. 3d DCA Dec. 5, 2018) ("[T]his court finds that Mr. Jacobs violated Rule 4-8.2(a), Rules Regulating the Florida Bar, by impugning the qualifications or integrity of the judges of this court and of the trial court."). Previously, while admitting his conduct was unprofessional, "Mr. Jacobs assert[ed] that his conduct in this case was an isolated incident, caused by the merits opinion issued by this panel, and borne of a temporary state of fear and time pressures." Id. at *1, n.4. Now, while admitting his subsequent conduct was unprofessional, he asserts all such unprofessional conduct stopped once he received the prior order to show cause, which acted as a wake- up call to take steps to address the personal issues causing this conduct.

We acknowledge that the latest incidents occurred before the issuance of the prior order to show cause. But because we are not in a position to ascertain the veracity of this latest explanation and this latest explanation is inconsistent with the previous one, we formally refer this matter to the Florida Bar for investigation.

It is so ordered.