ON MOTION FOR REHEARING

PER CURIAM.
We grant appellee Deutsche Bank’s motion for rehearing, withdraw our opinion dated August 7, 2013, and substitute the following.
We affirm the summary final judgment of foreclosure because the borrowers failed to provide any evidence that overcame a statutory presumption that operated in favor of the bank.
Deutsche Bank filed a mortgage foreclosure action against Virgil and Lissette Bennett, alleging that it was “the current owner of or has the right to enforce the Note and Mortgage.” With the complaint, Deutsche Bank filed copies of the note ■with two allonges and the mortgage. The first allonge contained an undated endorsement from the original lender (H & R Block) to Option One Mortgage. The second allonge contained an undated endorsement in blank from Option One Mortgage. Both allonges were signed by the same individual, Elizabeth Causseaux.
The Bennetts filed an amended answer and affirmative defenses, contending: (1) that Elizabeth Causseaux was not authorized to sign the allonges on behalf of one or both of the separate entities; and (2) that the Bank was not in possession of the original note.
Deutsche Bank moved for summary judgment and filed supporting affidavits. The Bank also filed the original loan documents, which were identical to the copies attached to the complaint. The trial court granted the Bank’s motion for summary judgment.
The Bennetts filed a motion for rehearing, raising a number of issues for the first time, along with those issues first raised in their affirmative defenses. Because the issues raised for the first time in the motion for rehearing were not properly preserved for appeal, they will not be addressed here. See Best v. Educ. Affiliates, Inc., 82 So.3d 143, 146 (Fla. 4th DCA 2012).
*322 As to the issues that were properly preserved for appeal, this court reviews the trial court’s entry of summary judgment using the de novo standard of review. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 172 (Fla. 4th DCA 2012). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. This court must examine the record in the light most favorable to the Bennetts, the non-moving party. Id.
“ ‘A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.’ ” Rigby v. Wells Fargo Bank, 84 So.3d 1195, 1196 (Fla. 4th DCA 2012) (quoting McLean, 79 So.3d at 173).
Deutsche Bank relies on this court’s opinion in Riggs v. Aurora Loan Services, LLC, 36 So.3d 932 (Fla. 4th DCA 2010), where we held that an endorsement on a note was self-authenticating pursuant to section 90.902(8), Florida Statutes (2008). In Riggs, this court affirmed the final summary judgment of foreclosure relying on the statutory presumption in section 673.3081(1), Florida Statutes (2008), which provides:
In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.
§ 673.3081(1), Fla. Stat. (2008).
Crucial to this case is the language in section 673.3081(1) that the “signature is presumed to be authentic and authorized” in the absence of circumstances not applicable here. Uniform Commercial Code Comment 1 to section 673.3081 explains the operation of this presumption as follows:
“Burden of establishing” is defined in Section 1-201. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). “Presumed” is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence. The defendant’s evidence need not be sufficient to require a directed verdict, but it must be enough to support the denial by permitting a finding in the defendant’s favor. Until introduction of such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff.
Comment 1 describes a “bursting bubble” presumption that is consistent with Florida law. See Locke v. Stuart, 113 So.2d 402, 404 (Fla. 1st DCA 1959); *323 § 90.802(1), Fla. Stat. (2012); C. Ehrhardt, Florida Evidence §§ 301.1-308.1 (2012 ed.).
In this case, the effect of the section 673.3081(1) presumption was to require the Bennetts to make some eviden-tiary showing to support their claim that Causseaux was unauthorized to sign the allonges. Because they failed to offer any such evidence, Deutsche Bank was entitled to rely on the presumption to obtain a summary final judgment.
Such an operation of a presumption within the framework of a motion for summary judgment is consistent with the way the Supreme Court applied a statutory presumption in Fred McGilvray, Inc. v. Askew, 340 So.2d 475, 479-80 (Fla.1976). There, a taxpayer sought to establish that he did not owe state taxes on items he shipped to the Bahamas. Id. at 476-77. In affirming a summary judgment, the Supreme Court applied a statutory presumption [1] that property was not to be considered “for export” unless certain conditions were met. Id. at 479-80. Recognizing that the statutory presumption was “rebut-table by the taxpayer,” the Court observed that the taxpayer, like the Bennetts in this case, “failed to carry its burden of overcoming the statutory presumption” by offering evidence in support of the claim that no taxes were owed. Id. at 480.
For these reasons, the summary final judgment of foreclosure is affirmed.

Affirmed.

GROSS, MAY, JJ., and JOHNSON, LAURA, Associate Judge, concur.

. § 212.06(5), Fla. Stat. (1969).