# Third District Court of Appeal

## State of Florida

Opinion filed April 05, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1699
Lower Tribunal No. 14-23099
_____


**Milagros Rodriguez,**
Appellant,

vs.

**Alberto Lorenzo,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Milagros Rodriguez, in proper person.

Corona Law Firm, P.A., and Ricardo Corona and Nina Tarafa, for appellee.


Before ROTHENBERG, EMAS, and LUCK, JJ.

ROTHENBERG, J.

Milagros Rodriguez ("the former wife") appeals the final judgment dissolving her marriage to Alberto Lorenzo ("the former husband") (collectively, "the parties"). We affirm.

On August 14, 2014, the former wife filed a petition to dissolve the parties' four-year marriage, seeking, in part, an award of alimony and the resolution of matters pertaining to their two minor children. The parties ultimately entered into a stipulated agreement regarding child custody, visitation, and decision-making issues regarding the children, but they were unable to agree on the remaining issues, which were decided by the trial court. A final judgment of dissolution of marriage was entered on July 1, 2016.

The former wife's appeal focuses on the trial court's denial of her request for alimony. However, the former wife additionally seeks from this Court an award for "psychological damage" and others similarly claimed damages related to events occurring after the entry of the final judgment and the filing of the notice of appeal. She also requests that this Court review rulings made by the trial court subsequent to the filing of her notice of appeal and, therefore, unrelated to the final judgment.

The former wife requested an award of permanent periodic alimony or, in the alternative, bridge the gap, durational, rehabilitative, or lump sum alimony. When considering whether to award permanent periodic alimony in a dissolution

2

of marriage proceeding involving a short-term marriage, there exists a rebuttable presumption against making such an award. See Greenwald v. Rivkind-Greenwald, 31 So. 3d 250, 251 (Fla. 3d DCA 2010). The parties were married for four years when the dissolution of marriage petition was filed, and for six years when the judgment granting dissolution was rendered. Thus, the parties' marriage was a short-term marriage. Because the standard of review is abuse of discretion, see Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980), and the former wife has not provided this Court with a transcript of the relevant proceedings, the former wife has neither rebutted the presumption against permanent periodic alimony nor shown an abuse of the trial court's discretion. See Applegate v. Barnett Bank, 377 So. 2d 1150 (Fla. 1979) (holding that the trial court's ruling is presumed correct, and where no transcript is provided, the appellate court generally cannot determine whether the evidence supports the trial court's rulings). The absence of a transcript also precludes review of the remaining forms of alimony initially requested by the former wife.

As to the "psychological damages" the former wife seeks from this Court based on acts allegedly committed after the entry of the final judgment and the other post-judgment rulings made by the trial court that are unrelated to the final judgment of dissolution, this Court clearly lacks jurisdiction. See Geraci v. Kozloski, 377 So. 2d 811 (Fla. 4th DCA 1979).

Affirmed.