# Third District Court of Appeal

**State of Florida**

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-712; 3D16-677
Lower Tribunal No. 13-24178
_____

**Cleto Marcello Cardona,**
Appellant,

vs.

**Claudia Alexandra Paulhiac Casas,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Sarah Zabel, Judge.

Cleto Marcello Cardona, in proper person.

Claudia Alexandra Paulhiac Casas, in proper person.

Before LAGOA, LOGUE and LUCK, JJ.

LUCK, J.

Cleto Marcello Cardona, the former husband in this divorce case, contends the trial court committed ten errors between its final judgment of dissolution of marriage and final order awarding the former wife, Claudia Alexandra Paulhiac

Casas, attorney's fees. We affirm all but one of the alleged errors because either they are not errors at all, or we cannot review whether the trial court abused its discretion or committed harmful error without a transcript or reconstructed record of the multi-day dissolution and attorney's fees hearings. See Rodriguez v. Lorenzo, 215 So. 3d 631, 632 (Fla. 3d DCA 2017) ("Because the standard of review is abuse of discretion, and the former wife has not provided this Court with a transcript of the relevant proceedings, the former wife has neither rebutted the presumption against permanent periodic alimony nor shown an abuse of the trial court's discretion. The absence of a transcript also precludes review of the remaining forms of alimony initially requested by the former wife." (citations omitted)); Jericka v. Jericka, 198 So. 3d 661, 663 (Fla. 2d DCA 2015) ("We recognize that in some cases the absence of a transcript does not preclude reversal where the error is apparent on the face of the judgment. However, a harmless error review is required in alimony cases, and the lack of a transcript frustrates our ability to conduct such a review. That is, without the transcript or suitable substitute, we cannot evaluate the entire case as required for a harmless error analysis." (citations omitted)).

The one alleged error we reverse – the former wife was designated as the beneficiary on the life insurance policy to secure the child support payments – is apparent from the face of the final judgment of dissolution. The trial court ordered

that the former husband "provide a life insurance policy in the amount of $1,400,000.00 payable to the [former wife] as security for child support and other security as listed in the Final Judgment." While section 61.13(1)(c) of the Florida Statutes authorizes the trial court to order the purchase or maintenance of security (for example, a bond or life insurance policy) "[t]o the extent necessary to protect an award of child support," § 61.13(1)(c), Fla. Stat. (2016), "the former wife should not be named as the beneficiary of the policy. The wife has no protectable interest except as the obligee of the child support payments. It should be made clear that the policy is for the benefit of the children and no one else." Layeni v. Layeni, 843 So. 2d 295, 300 (Fla. 5th DCA 2003); see also Zvida v. Zvida, 103 So. 3d 1052, 1054 (Fla. 4th DCA 2013) ("[T]he trial could should require that the children be designated as the beneficiaries of the life insurance policy purchased to secure the child support payment.").

We reverse only the portion of the final judgment of dissolution ordering the former husband to provide a life insurance policy to secure child support payments, and remand for entry of an amended judgment making clear that the policy is for the benefit of the minor child (M.C.) and no one else. We affirm in all other respects the trial court's thoughtful and detailed final judgment of dissolution of marriage and order awarding attorney's fees to former wife.

Affirmed in part, reversed in part, and remanded with instructions.