PER CURIAM.
Affirmed. See § 673.3081(1), Fla. Stat. (2016) ; Bennett v. Deutsche Bank Nat. Trust Co., 124 So.3d 320, 322 (Fla. 4th DCA 2013) (noting that the term "presumed" in section 673.3081(1) means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff was not required to prove that it is valid (citing UCC comment 1 to section 673.3081), and because defendants failed to make any evidentiary showing to support their claim that the signer was unauthorized, plaintiff was entitled to rely on the presumption to obtain summary final judgment). See also Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979) ; Cardona v. Casas, 225 So.3d 384 (Fla. 3d DCA 2017) : Rodriguez v. Lorenzo, 215 So.3d 631, 632 (Fla. 3d DCA 2017) (applying Applegate and noting that, in the absence of a transcript of the relevant hearing, the reviewing court is unable to determine whether the trial court abused its discretion).