DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMY B. SCHWARTZ** and **JAY F. SCHWARTZ,**
Appellants,

v.

**BANK OF AMERICA, N.A.,** successor by merger to BAC Home Loans
Servicing, LP, f/k/a Countrywide Home Loans Servicing, L.P., **BRIAR
BAY COMMUNITY ASSOCIATION, INC.,** and
**WATERS EDGE AT BRIAR BAY ASSOCIATION, INC.,**
Appellees.

No. 4D17-3457

[March 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; David E. French, Judge; L.T. Case No.
502012CA001369XXXXMB.

Bruce Jacobs of Jacobs Legal, PLLC, Miami, for appellants.

Adam J. Wick of Liebler Gonzalez & Portuondo, Miami, for appellee
Bank of America, N.A.

PER CURIAM.

We affirm the final summary judgment of foreclosure. The appellants
contend that discovery was outstanding and material issues of fact
remained on their claim of fraud on behalf of the appellee's predecessor,
Bank of America, in the fixation of an endorsement to the promissory note.
They contended that the endorsement was added after the original holder
of the note, Countrywide Home Loans, Inc., was dissolved; thus, the
appellee lacked standing to enforce the note. The appellee relied on section
673.3081, Florida Statutes (2012), to establish its standing, which
provides for presumption of authenticity and authority of signatures on
secured instruments, shifting to the party opposing the validity of the note
the burden to offer some showing to negate the presumption. *See Bennett
v. Deutsche Bank Nat'l Tr. Co.*, 124 So. 3d 320 (Fla. 4th DCA 2013). No
affidavits or any other type of evidence was timely submitted to counter

the appellee's motion for summary judgment. Therefore, the presumption was never rebutted, and summary judgment was properly entered.

Additionally, appellants also claim that the court erred in entering judgment when appellee had repeatedly violated discovery orders, and because discovery was not complete. First, the trial court made no findings that appellee violated any discovery orders. To the contrary, the court found that appellants had failed to comply with discovery. Secondly, the discovery about which appellants complained was still outstanding at the summary judgment hearing, but it had been propounded only days prior to the hearing. The hearing had been pending for several months in the case, which had been filed in 2012. The court determined that the appellants had not diligently conducted discovery, and it denied a motion for continuance. No abuse of discretion has been shown.

*Affirmed as to all issues raised.*

WARNER, DAMOORGIAN and LEVINE, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2