# Third District Court of Appeal

### State of Florida

Opinion filed January 26, 2022.

_____

No. 3D20-1712
Lower Tribunal No. 16-14544

_____

**Azran Miami 2, LLC,**
Appellant,

vs.

**US Bank Trust, N.A., etc.,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Jacobs Legal PLLC, and Bruce Jacobs, for appellant.

Locke Lord LLP, and Steven J. Brotman (West Palm Beach), for appellee.

Before EMAS, GORDO and LOBREE, JJ.[1]

---

[1]Judge Gordo did not serve on the panel that issued the opinion in this case, and has replaced Judge Miller, who did serve on the panel that issued the opinion in this case. Following the issuance of our opinion, Mr. Jacobs filed a motion which cites to, quotes from, and relies upon a 2018 lower court order in an unrelated case in which then-Circuit Court Judge Miller was the presiding judge. Mr. Jacobs' reliance on that order as ostensible support for his post-opinion motion in this case is even more puzzling given the fact that,

PER CURIAM.

## On Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc

The motion of appellant, Azran Miami 2, LLC, filed by Bruce Jacobs, Esq. and entitled Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc, together with the twelve separately filed appendices (totaling nearly 3500 pages), filed by Mr. Jacobs in support of said motion, are stricken because they violate the Florida Rules of Appellate Procedure and the Rules Regulating the Florida Bar, as more fully detailed below.

## ORDER TO SHOW CAUSE

Further, this court on its own motion and pursuant to Florida Rule of Appellate Procedure 9.410(a), finds there is a reasonable basis to conclude that the Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc ("Mr. Jacobs' Motion"), and

twelve days after issuing the 2018 order, Judge Miller vacated it, rendering it a legal nullity. Mr. Jacobs' post-opinion motion implies a derisive and unsupported basis for Judge Miller's vacatur order, which is addressed in greater detail, *infra* at 12-13. In light of Mr. Jacobs' actions in this regard, and in an abundance of caution, Judge Miller has recused herself from further consideration of this cause, including our issuance of the instant order to show cause.

2

appendices thereto, violate the Rules of Appellate Procedure in the following manner:

1. Mr. Jacobs filed twelve separate appendices, totaling 3,469 pages (unpaginated and unindexed), comprised of documents that are outside the record on appeal, regarding events or proceedings occurring <u>after</u> Mr. Jacobs filed his notice of appeal in this cause,[2] and are otherwise unrelated to the instant appeal.  Mr. Jacobs failed to seek leave of court before filing these documents, and it appears there would have been no proper basis for granting leave had it been sought.  <u>See, e.g.</u>, <u>Konoski v. Shekarkhar</u>, 146 So. 3d 89 (Fla. 3d DCA 2014) (striking appellee's appendix, which contained documents outside the record, noting that appellee did not seek leave to file such extra-record documents, and admonishing counsel for filing the unauthorized appendix); <u>Rosenberg v. Rosenberg</u>, 511 So. 2d 593, 595 n. 3 (Fla. 3d DCA 1987) (noting: "It is entirely inappropriate and subjects the movant to possible sanctions to inject matters in the appellate proceedings which were not before the trial court"); <u>Pedroni v. Pedroni</u>, 788 So. 2d 1138 (Fla. 5th DCA 2001) (same);

---

[2] In fact, most of the documents contained in the appendices were not even created (or the events to which they relate did not even take place) until after the briefing in this appeal had been completed and the appeal perfected.

3

<u>Swyers v. State</u>, 483 So. 2d 520, 521 (Fla. 4th DCA 1986) (observing: "The law is clear that matters outside the record may not be made the subject of a motion for rehearing"); <u>Altchiler v. Dep't of Prof'l Reg.</u>, 442 So. 2d 349, 350 (Fla. 1st DCA 1983) (holding: "When a party includes in an appendix material or matters outside the record, or refers to such material or matters in its brief, it is proper for the court to strike the same. That an appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court") (citations omitted).

2. Mr. Jacobs violated Florida Rule of Appellate Procedure 9.330(a), which provides: "A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its order or decision. The motion shall not present issues not previously raised in the proceeding." <u>See also</u> Rule 9.330, 2000 amend. comm. note (providing that a motion for rehearing "should be utilized to bring to the attention of the court points of law or fact that it has overlooked or misapprehended in its decision, not to express mere disagreement with its resolution of the issues on appeal"); <u>Sherwood v. State</u>, 111 So. 2d 96 (Fla. 3d DCA 1959) (holding motion for rehearing may not be used as a means to reargue points involved in the case or to

4

raise other or different grounds than those previously relied on in the appeal); Ayala v. Gonzalez, 984 So. 2d 523, 526 (Fla. 5th DCA 2008) (issuing show cause order and holding that a motion for rehearing in an appellate court is not "an open invitation for an unhappy litigant or attorney to reargue the same points previously presented, or to discuss the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief"). Mr. Jacobs has violated Rule 9.330(a), and the case law applying that rule, by alleging in his Motion:

    a. The trial court denied Mr. Jacobs' motion to vacate an earlier judgment "in deference to shadow rulings of this Court." Mr. Jacobs' Motion at 2.

    b. This Court has created a "shadow body of law that allows banks to commit fraud." Mr. Jacobs' Motion at 2.

    c. "The panel decision is already being paraded about by attorneys engaged in this systemic fraud as controlling law that grants a privilege to commit systemic fraud when it states no facts." Mr. Jacobs' Motion at 4.

d. "[T]he panel ruling perpetuates a shadow law that banks are above the constitution and can commit fraud with impunity." Mr. Jacobs' Motion at 10.

e. This court's issuance of a citation per curiam affirmed opinion in this case constitutes "an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice."[3] Mr. Jacobs' Motion at 24.

3. Mr. Jacobs takes one or more frivolous positions, or makes one or more arguments in bad faith, in violation of Florida Rule of Appellate Procedure 9.410(a) (providing that the court "may impose sanctions for

---

[3] While Mr. Jacobs quoted language from Jones v. State, 477 So. 2d 566 (Fla. 1985), he takes it out of context and uses it in a misleading way and for a derogatory purpose. Jones had nothing to do with the characterization of a per curiam affirmed opinion. Instead, the quote is taken from a concurring opinion in Jones that addressed the requirements for common-law certiorari and further defined the phrase "departure from the essential requirements of the law" as meaning "something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice." Id. at 569 (Boyd, C.J., concurring). Mr. Jacobs seizes upon this description of common-law certiorari, ostensibly using it to justify his accusation that the very issuance of the citation opinion in the instant case constitutes "an abuse of judicial power" and "an act of judicial tyranny" resulting in a "miscarriage of justice."

any violation of these rules, or for the filing of any proceeding, motion, brief, or other documents that is frivolous or in bad faith").

One example of the frivolous or bad faith nature of Mr. Jacobs' Motion (beyond that described elsewhere in this Order) is the basis offered for seeking this court's certification, pursuant to rule 9.330(a)(2)(C), that the instant decision expressly and directly conflicts[4]

---

[4] In fact, Mr. Jacobs' Motion contains an extensive quote from a decision of the Florida Supreme Court that undermines his purported certification of express and direct conflict. Mr. Jacobs' Motion claims that the Florida Supreme Court, in Department of Legal Affairs v. District Court of Appeal, Fifth District, 434 So. 2d 310 (Fla. 1983) "warned about" the "shadow body of law" created by per curiam affirmed decisions. Nowhere does the Florida Supreme Court describe a "shadow body of law" alluded to by Mr. Jacobs, nor does the Court "warn against" the issuance of per curiam affirmed decisions. The issue and holding in that case, as framed by the Court, was "whether a per curiam appellate court decision with no written opinion has any precedential value. **We hold that it does not.**" Id. at 311 (emphasis added). That holding cannot be reconciled with Mr. Jacobs' certification that the citation per curiam affirmance in the instant case "expressly and directly conflicts with" decisions of other district courts. See also The Florida Star v. B.J.F., 530 So. 2d 286, 289 n. 3 (Fla. 1988) (discussing the contours of conflict jurisdiction, observing "there can be no actual conflict discernible in an opinion containing only a citation to other case law unless one of the cases cited as controlling authority is pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or unless the citation explicitly notes a contrary holding of another district court or of this Court.") (citing Jollie v. State, 405 So. 2d 418, 420 (Fla. 1981)).

Further, the record itself (much less the near 3500 pages of extra-record appendices filed by Mr. Jacobs in support of his Motion) cannot be used to establish conflict jurisdiction. Reaves v. State, 485 So. 2d 829, 830 n.3 (Fla. 1986) ("The only facts relevant to our decision to accept or reject such petitions [based on conflict] are those facts contained within the four corners

7

with three other appellate court decisions. First, Mr. Jacobs' motion "certifies" that our decision "expressly and directly conflicts with a decision of the Second District which held the trial court abused its discretion to deny leave to plead or prove this same evidence of standing was fraudulently created," citing Sorenson v. Bank of New York Mellon as trustee for Certificate Holders CWALAT, Inc., 261 So. 3d 660 (Fla. 2d DCA 2018). However, Sorenson was an appeal from a final judgment of foreclosure in which defendant raised as error the trial court's denial of defendant's motion to amend his answer and affirmative defenses to add a fraud defense. Our sister court reversed, holding the trial court abused its discretion in denying Sorenson the opportunity to amend his affirmative defenses to include a fraud defense. The court's holding was premised upon the well-established legal propositions that: under Florida Rule of Civil Procedure 1.190, leave of court to amend pleadings shall be given freely when justice so requires; that this rule represents a public policy

---

of the decisions allegedly in conflict. . . . Thus, it is pointless and misleading to include a comprehensive recitation of facts not appearing in the decision below, with citations to the record, as petitioner provided here. Similarly, voluminous appendices are normally not relevant"). An inherent or implied conflict cannot serve as a basis for the Florida Supreme Court's conflict jurisdiction. Dept. of Health & Rehab. Servs. v. Nat'l Adoption Counseling Serv., Inc., 498 So. 2d 888 (Fla. 1986).

8

favoring the liberal amendment of pleadings; and that trial courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merits. Id. at 663.

Sorenson, and these entrenched propositions, are inapposite to the issues raised in the instant appeal from a postjudgment order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540, which we affirmed in a citation per curiam affirmed decision. In his initial brief in the instant case, Mr. Jacobs asserted the following six claims:

I.    Azran has a Constitutional Guarantee of Due Process

II.    Fraud on the Court is NOT Due Process of Law

III.    This Honorable Court Should Join the Other State and Federal Trial and Appellate Courts that Have Called out Systemic Fraud on the Court in Foreclosures

IV.    The Ninth Circuit Holds There is No Litigation Privilege to Commit Systemic Fraud on the Court

V.    Doctrine of Unclean Hands Bars the Equitable Relief of Foreclosure When the Plaintiff Engaged in Forgery, Perjury and Violated Florida's RICO Statute

VI.    The Trial Court Erred in Denying the Rule 1.540(b) Motion Without an Evidentiary Hearing

Sorenson is wholly inapplicable to these asserted claims and cannot serve as a basis for express and direct conflict with the instant case

9

involving a denial of a motion for relief from judgment under Rule 1.540. The only aspects shared by this case and <u>Sorenson</u> are that both are foreclosure cases; both involve Mr. Jacobs as counsel for the defendant; and both involve an allegation of fraud. Indeed, if the panel decision in the instant case did somehow expressly and directly conflict with the Second District's holding in <u>Sorenson</u>, the panel decision in this case would also expressly and directly conflict with dozens of decisions of our own court that stand for the same legal propositions reaffirmed by our sister court in <u>Sorenson</u>.[5]

Mr. Jacobs fares no better with the two remaining cases he cites as ostensible support for his request that this court certify express and direct conflict: our sister court's decision in <u>Schwartz v. Bank of America, N.A.</u>, 267 So. 3d 414 (Fla. 4th DCA 2019) and this court's own decision in <u>Barsan v. Trinity Financial Services, LLC</u>, 258 So. 3d 516 (Fla. 3d DCA 2018). Like <u>Sorenson</u>, <u>Schwartz</u> involved an appeal from a final summary

---

[5] <u>See, e.g.</u>, <u>DiGiacomo v. Mosquera</u>, 322 So. 3d 734 (Fla. 3d DCA 2021); <u>Fayad v. Univ. of Miami</u>, 307 So. 3d 114 (Fla. 3d DCA 2020); <u>Pangea Produce Distribs., Inc. v. Franco's Produce, Inc.</u>, 275 So. 3d 240, 242 (Fla. 3d DCA 2019); <u>JVN Holdings, Inc. v. Am. Constr. & Repairs</u>, 185 So. 3d 599, 601 (Fla. 3d DCA 2016); <u>Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.</u>, 187 So. 3d 868, 871 n. 4 (Fla. 3d DCA 2016); <u>Kay's Custom Drapes, Inc. v. Garrote</u>, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006); <u>Downtown Invs., Ltd. v. Segall</u>, 551 So. 2d 561 (Fla. 3d DCA 1989).

judgment of foreclosure in which Mr. Jacobs represented the defendant homeowners. On appeal, Mr. Jacobs contended the trial court erred in granting summary judgment because "discovery was outstanding and material issues of fact remained on the[] claim of fraud" regarding the endorsement to the promissory note. Schwartz, 267 So. 3d at 414. However, the Fourth District affirmed, holding that appellees properly established standing, that Schwartz failed to timely submit evidence to rebut the summary judgment motion and that judgment was properly entered in favor of Bank of America. Id.

Completing the trilogy, our court in Barsan, 258 So. 3d at 516, issued a citation per curiam affirmed opinion which reads in full:

> Affirmed. See § 673.3081(1), Fla. Stat. (2016); Bennett v. Deutsche Bank Nat. Trust Co., 124 So. 3d 320, 322 (Fla. 4th DCA 2013) (noting that the term "presumed" in section 673.3081(1) means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff was not required to prove that it is valid (citing UCC comment 1 to section 673.3081), and because defendants failed to make any evidentiary showing to support their claim that the signer was unauthorized, plaintiff was entitled to rely on the presumption to obtain summary final judgment). See also Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Cardona v. Casas, 225 So. 3d 384 (Fla. 3d DCA 2017): Rodriguez v. Lorenzo, 215 So. 3d 631, 632 (Fla. 3d DCA 2017) (applying Applegate and noting that, in the absence of a transcript of the relevant hearing, the reviewing court is unable to determine whether the trial court abused its discretion).

11

None of the three cases cited by Mr. Jacobs "expressly and directly conflicts with" the decision in this case and cannot in good faith support the conflict certification request made pursuant to Florida Rule of Appellate Procedure 9.330(a)(2)(C).[6]

As a second example of arguments made, or positions taken, frivolously or in bad faith, Mr. Jacobs' Motion quotes from and relies upon—as ostensible support for his legal position—a 2018 trial court order issued in an unrelated case (Bank of New York Mellon v. Lisa S. Dulberg de Morales, Circuit Court Case Number 13-808). That order, dated August 10, 2018, granted a motion to impose sanctions upon Bank of New York Mellon and Bank of America. However, less than two weeks later, the trial

---

[6] Indeed, because Barsan v. Trinity Fin. Services, LLC, 258 So. 3d 516 (Fla. 3d DCA 2018), was a decision issued by this court, Mr. Jacobs is precluded from relying upon it as a basis for seeking certification of express and direct conflict under rule 9.330(a)(2)(C). That rule provides the procedure for a party to request that the appellate court certify that its decision expressly and directly conflicts with a decision of **another** district court of appeal, thereby providing a jurisdictional basis for discretionary review by the Florida Supreme Court, as conferred by the Florida Constitution. See Art. V, § 3(b)(3), Fla. Const. (providing that the Florida Supreme Court "may review any decision of a district court of appeal that . . . expressly and directly conflicts with a decision of **another** district court of appeal or of the supreme court on the same question of law."); Art. V, § 3(b)(4), Fla. Const. (providing that the Florida Supreme Court "may review any decision of a district court of appeal that passes upon a question. . . that is certified by it to be in direct conflict with a decision of **another** district court of appeal.") (Emphasis added).

judge vacated that sanctions order, and ultimately denied the motion for sanctions after holding a subsequent hearing.[7] While it is true that Mr. Jacobs' Motion acknowledges that the August 10, 2018 order in that unrelated case was vacated by the trial court judge, Mr. Jacobs nevertheless fails to explain why he would quote from a vacated order in an unrelated case, or how such a vacated order from an unrelated case is anything more than a legal nullity, much less an order upon which this court should rely as persuasive authority for some legal proposition advanced by him.[8]

As a final example, the appendix to Mr. Jacobs' Motion includes an April 15, 2019 order issued by a circuit court judge in the unrelated case of U.S. Bank v. Raul Zayas, circuit court case number 14-32372. However, on November 6, 2019, this court quashed that trial court order. U.S. Bank v.

_____

[7] Although Mr. Jacobs attaches the original trial court order of August 10, 2018, he fails to attach the August 22, 2018 order vacating the earlier order.

[8] While we cannot know the actual motivation for Mr. Jacobs' inclusion of portions of this vacated order in his Motion, it is noteworthy that the then-trial court judge who issued the order (and ten days later vacated it) presently serves on this court and served on the panel that issued the decision in the instant appeal. Mr. Jacobs creates a negative implication by alleging in his Motion that the trial court judge "vacated her sanctions order that called out willful bad faith by BANA and BONYM just before Governor Rick Scott elevated her to the Third DCA." Mr. Jacobs' Motion at 5-6. Such a frivolous implication, made without basis, advancing no relevant position and serving no other apparent purpose but to malign or impugn the integrity of a judge, appears to violate Rule 4-8.2(a), Rules Regulating the Florida Bar.

<u>Zayas</u>, 290 So. 3d 972, 973 (Fla. 3d DCA 2019) (granting the petition for writ of certiorari, quashing the trial court order and holding "it is a departure from the essential requirements of law, not remediable on appeal, to subject a party to a show cause order and sanctions for failing to produce documents it has not previously been ordered to produce").  The appendix does not contain this court's opinion quashing that trial court order, nor does Mr. Jacobs' Motion disclose the existence of this court's subsequent decision quashing that trial court order.

WHEREFORE, Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC, is hereby ordered to show cause within twenty days from the date of this order why sanctions should not be imposed upon him for violation of the Rules of Appellate Procedure.  As provided by Rule 9.410(a), such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.