# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.

————————

No. 3D21-1869
Lower Tribunal No. 19-10810

————————

**The Bank of New York Mellon, etc.,**
Petitioner,

vs.

**Regis Bontoux, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale); Akerman LLP, and Eric M. Levine (West Palm Beach), for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, for respondent Regis Bontoux.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

## On Motion for Rehearing En Banc

The motion of respondent, Regis Bontoux, filed by Bruce Jacobs, Esq. entitled Motion for Rehearing En Banc, together with the separately filed appendix, filed by Mr. Jacobs in support of said motion, are stricken because they violate the Florida Rules of Appellate Procedure and the Rules Regulating the Florida Bar, as further detailed below.

## ORDER TO SHOW CAUSE

Further, this Court on its own motion and pursuant to Florida Rule of Appellate Procedure 9.410(a), finds there is a reasonable basis to conclude that the Motion for Rehearing En Banc ("Mr. Jacobs' Motion"), and appendix thereto, violate the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar in the following manner:

1. Mr. Jacobs filed an appendix comprised of documents that are outside the record on review, addressing events or proceedings that occurred after the trial court entered the order on review, and are otherwise unrelated to the instant petition.[1]  Mr. Jacobs did not seek leave of court to file these

---

[1] Two of the documents were never submitted to the trial court, and one was not created until after the order on review was entered by the trial court.  The appendix raises issues pursuant to Florida Rule of Appellate Procedure 9.220 because the index to the appendix lists documents that are not actually included and the documents that are included are either mislabeled or missing from the index.  Mr. Jacobs cites to documents in his Motion for support that are not included in either the index or the appendix itself and

2

documents, and it appears there would have been no proper basis for the court to grant such leave. See, e.g, Konoski v. Shekarkhar, 146 So. 3d 89, 90 (Fla. 3d DCA 2014) (striking appellee's appendix, which contained documents outside the record, where the appellee did not seek leave to file such extra-record documents, and admonishing counsel for filing the unauthorized appendix); Aspen Air Conditioning, Inc. v. Safeco Ins. Co. of Am., 170 So. 3d 892, 897–98 (Fla. 3d DCA 2015) ("These documents were not in existence at the time of the hearing, and our review is limited to the record made before the trial court."); Rosenberg v. Rosenberg, 511 So. 2d 593, 595 n.3 (Fla. 3d DCA 1987) ("It is entirely inappropriate and subjects the movant to possible sanctions to inject matters in the appellate proceedings which were not before the trial court."); Swyers v. State, 483 So. 2d 520, 521 (Fla. 4th DCA 1986) ("The law is clear that matters outside the record may not be made the subject of a motion for rehearing."); Altchiler v. Dep't of Prof'l Reg., 442 So. 2d 349, 350 (Fla. 1st DCA 1983) ("When a party includes in an appendix material or matters outside the record, or refers to such material or matters in its brief, it is proper for the court to strike the same. That an appellate court may not consider matters outside the record

_____

much of his argument contains text from transcripts from cases that were not a part of the lower court's record.

3

is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court.") (citations omitted).

2.  In his motion, Mr. Jacobs contends that this case is of exceptional importance because it deals with a deprivation of a constitutional right. Florida Rule of Appellate Procedure 9.331(d)(1) which provides that "a party may move for an en banc rehearing solely on the grounds that the case or issue is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion on any other ground shall be stricken." Fla. R. App. P. 9.331(d)(1). Mr. Jacobs, however, fails to show how this Court's opinion quashing a discovery order that failed to comply with the Florida Rules of Civil Procedure deprived his client of any of his constitutional rights. Mr. Jacobs' claim that his client was deprived of due process because he was not "before a fair and impartial tribunal" is unsupported and improperly impugns the integrity of this Court. Mr. Jacobs' Motion at 56, 57 ("[T]he law on rehearing en banc should extend to this fundamental deprivation of due process by a panel that refuses to honor the judicial canons, including upholding the law, protecting the constitutional rights of homeowners, and granting disqualification where there is evidence of bias that requires disqualification."). A motion for rehearing is not "an open invitation for an unhappy litigant or attorney to reargue the same points

4

previously presented, or to discuss the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief." Ayala v. Gonzalez, 984 So. 2d 523, 526 (Fla. 5th DCA 2008); see also Jedak Corp. v. Seabreeze Off. Assocs., LLC, 248 So. 3d 242, 244 n.1 (Fla. 5th DCA 2018) (denying a motion for rehearing where "the motion expressed disagreement with the opinion, [but] failed to identify any ambiguity necessitating clarification"); Sherwood v. State, 111 So. 2d 96, 98 (Fla. 3d DCA 1959) (holding that a motion for rehearing may not be used as a means to reargue points involved in the case or to raise grounds other than those previously relied on in the appeal).

3. In his motion, Mr. Jacobs takes one or more frivolous positions or makes one or more arguments in bad faith. Florida Rule of Appellate Procedure 9.140(a) states that a court "may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other documents that is frivolous or in bad faith." One example of the frivolous or bad faith nature of Mr. Jacobs' Motion is the reliance on a vacated, and therefore legally null, circuit court order. Mr. Jacobs acknowledges that the order is vacated but fails to adequately explain why he would rely on a vacated order in an unrelated case or why this Court should rely on it as persuasive authority. Mr. Jacobs also relies on orders that were reversed by this Court

5

without explaining why this Court should rely on them as authority for the legal propositions advanced by him.

A second example is Mr. Jacobs' claim that <u>Sorenson v. Bank of New York Mellon as trustee for Certificate Holders CWALAT, Inc.</u>, 261 So. 3d 660 (Fla. 2d DCA 2018) "carve[s] out" a right for him to "allege the rubberstamped blank endorsement on his promissory note is a forgery and to conduct discovery to prove that it is a forgery."  Mr. Jacobs' Motion at 28.  <u>Sorenson</u> does not create such a right.  <u>Sorenson</u> dealt with an appeal of a final judgment of foreclosure where the defendant alleged that the trial court erred in denying his motion to amend his answer and add an affirmative defense of fraud.  Our sister court found the trial court had abused its discretion and reversed because Sorenson, the defendant, should have been given the opportunity to amend his affirmative defenses pursuant to Florida Rule of Civil Procedure 1.190.  <u>Sorenson</u>, 261 So. 3d at 663.  Rule 1.190 states that leave of court to amend pleadings shall be freely given when justice so requires.  This represents a public policy in favor of allowing liberal amendments of pleadings in order to allow cases to be decided on their merits.  The holding in <u>Sorenson</u> and its entrenched public policy propositions is wholly inapplicable to the instant petition.  The only aspects

shared between the instant case and <u>Sorenson</u> are that both are foreclosure cases, and both have Mr. Jacobs as counsel.

Mr. Jacobs also contends that <u>Bennett v. Deutsche Bank Nat. Tr. Co.</u>, 124 So. 3d 320, 323 (Fla. 4th DCA 2013) holds that section 673.3081(1), Florida Statutes, "instructs that once an endorsement is challenged as a forgery, discovery into the endorsement is proper." Mr. Jacobs' Motion at 19. Our sister court in <u>Bennett</u> relied on the Uniform Commercial Code Comment 1 to section 673.3081 which explains that "until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." <u>Bennett</u>, 124 So. 3d at 322. "The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence." <u>Id.</u> Our sister court found that the bank was entitled to summary judgment on its mortgage foreclosure action because the defendants failed to make "some evidentiary showing to support their claim." <u>Id.</u> at 323. At no point does <u>Bennett</u> give a defendant the right to discovery simply because they challenge an endorsement by claiming it is a forgery— it requires an evidentiary showing to support that claim.

4. In his motion, Mr. Jacobs recklessly impugns and disparages the judges of this Court and certain judges of the circuit court. Rule 4-8.2(a) of the Rules

7

Regulating the Florida Bar provides in pertinent part: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . .". Every lawyer admitted to the Florida Bar has sworn to "maintain the respect due to courts of justice and judicial officers" and to "abstain from all offensive personality." "[E]thical rules that prohibit attorneys from making statements impugning the integrity of judges are not to protect judges from unpleasant or unsavory criticism. Rather, such rules are designed to preserve public confidence in the fairness and impartiality of our system of justice." The Florida Bar v. Ray, 797 So. 2d 556, 558–59 (Fla. 2001). "It is not a part of an attorney's duties to his clients to use language in his Petition for Rehearing, or in any other papers filed in this court, that is actually insulting to the members of the panel which heard the case." Vandenberghe v. Poole, 163 So. 2d 51, 51 (Fla. 2d DCA 1964). "Insults or disparaging comments by lawyers to courts in court filings cannot be justified as zealous advocacy because they risk alienating the very judges the lawyer was hired to persuade." Bank of Am., N.A. v. Atkin, 305 So. 3d 305, 307 (Fla. 3d DCA 2018). "'Although attorneys play an important role in exposing valid problems within the judicial system, statements impugning the integrity of a judge, when made with reckless disregard as to their truth or falsity, erode

8

public confidence in the judicial system without assisting to publicize problems that legitimately deserve attention.'" Id. (quoting Ray, 797 So. 2d at 560). Mr. Jacobs recklessly impugns and disparages the judges of this Court and certain judges of the circuit court, in filing his Motion for Rehearing En Banc containing the following statements:

- This Court initiated contempt proceedings against Mr. Jacobs, "[d]espite the clear evidence establishing the truth of these [fraud] allegations." Mr. Jacobs' Motion at 3.

- "The panel judges also showed bias by commenting on motions to disqualify [Mr. Jacobs] . . ." Mr. Jacobs Motion at 5.

- The panel "initiated contempt proceedings for criticizing the court and failed to recuse themselves as required . . ." Mr. Jacobs Motion at 5–6.

- Mr. Jacobs is "a victim of the Third DCA's abuse of its contempt powers . . ." Mr. Jacobs' Motion at 7–8.

- "It is self-evident that . . . [Mr. Jacobs'] clients are not before a fair and impartial tribunal [as] guaranteed by the constitution." Mr. Jacobs' Motion at 8.

- This Court needs to "search its soul." Mr. Jacobs' Motion at 8.

9

- A named circuit court judge "refused to disqualify herself until she entered orders that seriously injured the client's rights and the integrity of the judicial process." Mr. Jacobs' Motion at 31.

- This Court "has taken no action required by the Judicial Canons against [the named circuit court judge] for [their] gross misconduct." Mr. Jacobs' Motion at 31–32.

- "There is a question whether this Honorable Court is fair and impartial when it refuses to act against clear misconduct and manufactures contempt charges against the attorney who has uncovered systemic fraud . . . . [j]udicial canons and the constitution do not permit such an abuse of power." Mr. Jacobs' Motion at 32.

- This Court's January 11, 2022, order in Case No. 3D21-1300, directing Mr. Jacobs to show cause why he should not be subjected to sanctions for failing to comply with the Rules of Appellate Procedure and professional norms is an "abuse of power." Mr. Jacobs' Motion at 34.

- "The court below violated the clear admonition 'to avoid any appearance of vindictiveness if the defendant chooses to exercise certain rights.'" Mr. Jacobs' Motion at 36.

- This Court has failed to take appropriate action where it "has 'received information' and has 'actual knowledge that substantial likelihood

exists that judges have committed a violation of this Code.'" Mr. Jacobs' Motion at 36–37.

- This Court's attempt to "disbar" Mr. Jacobs "is unconstitutional, inequitable, and unjust." Mr. Jacobs' Motion at 37.

- "[There is a problem] when a court has actual knowledge [a party] committed felonies and fraud upon the court, [and] decides to attack the whistleblower attorney who defended against the fraud." Mr. Jacobs' Motion at 42.

- This Court has entered "orders that violate the constitution as Mr. Jacobs' African American and Jewish clients believe the court below has repeatedly done." Mr. Jacobs' Motion at 42.

- "[S]ome judges [have a penchant] to blindly accept the self-serving assertions of financial institutions." Mr. Jacobs' Motion at 47.

- "[T]he court below violated the judicial canons, allowed banks and powerful special interests and their counsel to violate The Florida Bar Rules with impunity, and knowingly deprived foreclosure defendants of their Fifth Amendment rights by depriving them of their property without due process of law." Mr. Jacobs' Motion at 51.

- Mr. Jacobs accuses the "JQC not prosecuting judges for serious misconduct." Mr. Jacobs' Motion at 52.

11

- "The panel violated the judicial canons and undermined the integrity of the judiciary." Mr. Jacobs' Motion at 54.

- "[T]he panel's overriding personal bias against [Mr. Jacobs] has deprived [Bontoux] of a fair and impartial appellate review." Mr. Jacobs' Motion at 56.

- "[T]he panel deprived Mr. Bontoux of the right to due process of law before a fair and impartial tribunal." Mr. Jacobs' Motion at 56.

- This Court's panel "refuses to honor the judicial canons, including upholding the law, protecting the constitutional rights of homeowners, and granting disqualification when there is evidence of bias that requires disqualification." Mr. Jacobs' Motion at 57.

We have sanctioned Mr. Jacobs for similar unprofessional statements more than once. See Atkin, 305 So. 3d at 307 ("This court finds there is a reasonable basis to conclude that Mr. Jacobs and Jacobs Legal, PLLC violated 4-8.2(a)."); Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n, 2018 WL 6344710, at *1 (Fla. 3d DCA Dec. 5, 2018) ("[T]his court finds that Mr. Jacobs violated Rule 4-8.2(a), Rules Regulating the Florida Bar, by impugning the qualifications or integrity of the judges of this court and of the trial court."). Mr. Jacobs was clearly on notice that such conduct is violative of the Rules Regulating the Florida Bar and would subject him to

12

sanctions. Mr. Jacobs' has previously claimed that he understands such commentary is unprofessional and unwarranted, but he nevertheless continues to utilize such unwarranted commentary rather than assert competent legal argument. See Bank of Am., N.A. v. Atkin, 271 So. 3d 145, 146 (Fla. 3d DCA 2019) (noting that Mr. Jacobs acknowledged that his commentary "was unprofessional and unwarranted," admitted the comments reflected "inappropriate comments impugning the integrity of the judiciary" and "assert[ed] that his conduct in this case was an isolated incident"); Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n, 43 Fla. L. Weekly D2699, D2699 (Fla. 3d DCA Dec. 5, 2018) (stating that Mr. Jacobs averred "that he 'fully understands the nature and wrongfulness of his conduct,' is 'deeply remorseful and apologetic to this Court for his actions,' and is pursuing appropriate corrective measures to ensure this misconduct is not repeated").

Further, Mr. Jacobs' motion does not at any point substantively address this Court's opinion on this case or the legal matter at issue. Mr. Jacobs instead uses his client's opportunity to file a motion for rehearing to disparage this Court for issuing a show cause order against him in another unrelated case and otherwise express "what can best be described as a desultory diatribe, consisting of personal opinions, reflections and

13

experiences which are completely outside the record and entirely irrelevant to the issues on appeal or the decision of the court." Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, 43 Fla. L. Weekly D2271, D2272 (Fla. 3d DCA Sept. 26, 2018). Mr. Jacobs advances his own personal gratification in his motion and unprofessionally impugns the integrity of the judges of this Court and the circuit court, rather than appropriately advocate for his client therefore unequivocally depriving his client of any meaningful opportunity for rehearing.

## CONCLUSION

WHEREFORE, Bruce Jacobs, Esq., Florida Bar Number 116203, is hereby ordered to show cause within twenty days from this date why this court should not impose sanctions for violation of the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar. As provided by Rule 9.410(a), such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.