# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0904
Lower Tribunal No. 21-33075 CC
_____

**Thomas Fuhrman,**
Appellant,

vs.

**Sara G 01, LLC, etc.,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Myriam Lehr, Judge.

Edelboim Lieberman Revah PLLC, and Philippe Revah, for appellant.

Sachs Sax Caplan, and Jeremy Dicker (Boca Raton), for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

PER CURIAM.

Because Appellant Thomas Fuhrman has failed to meet his burden to demonstrate reversible error, and because Fuhrman has not demonstrated any fundamental error on the face of the order appealed, we affirm. It is well established that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error[,]" Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979), so the lack of a trial transcript or a proper substitute results in a record that is inadequate to demonstrate reversible error and requires affirmance. Umana v. Citizens Prop. Insur. Corp., 282 So. 3d 933, 934-35 (Fla. 3d DCA 2019) ("The absence of a hearing transcript at which the trial court made this decision prevents any meaningful review of whether the trial court abused its discretion in this regard."); Rodriguez v. Lorenzo, 215 So. 3d 631, 632 (Fla. 3d DCA 2017) ("Because the standard of review is abuse of discretion, and the former wife has not provided this Court with a transcript of the relevant proceedings, the former wife has not . . . shown an abuse of the trial court's discretion."); Haddad v. Khan, 54 So. 3d 524, 525 (Fla. 3d DCA 2010) ("In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed." (quoting Mayfield v. Mayfield, 929 So. 2d 671, 672 (Fla. 5th DCA 2006))).

Affirmed.