# Third District Court of Appeal
## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-2310
Lower Tribunal No. 17-21140

————————————

**Emad Selim, et al.,**
Appellants,

vs.

**Wells Fargo Bank, N.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

David J. Winker, P.A., and David John Winker, for appellant, Emad Selim.

Greenberg Traurig, P.A., Kimberly S. Mello and Arda Goker (Orlando), for appellee.

Before LOGUE, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

Affirmed.  See § 673.3081(1), Fla. Stat. (2020); Barsan v. Trinity Fin. Servs., LLC, 258 So. 3d 516, 516 (Fla. 3d DCA 2018) (explaining "the term 'presumed' in section 673.3081(1) means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff was not required to prove that it is valid (citing UCC comment 1 to section 673.3081), and because defendants failed to make any evidentiary showing to support their claim that the signer was unauthorized, plaintiff was entitled to rely on the presumption to obtain summary final judgment" (citing Bennett v. Deutsche Bank Nat. Tr. Co., 124 So. 3d 320, 322 (Fla. 4th DCA 2013))); Klein v. Royale Grp., Ltd., 578 So. 2d 394, 395 (Fla. 3d DCA 1991) ("[T]here is nothing in the statute or the case decisions that deny enforceability merely because the required documentary stamps have been belatedly purchased and affixed.").