# Third District Court of Appeal
## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2105
Lower Tribunal No. 21-11255
_____

**Adolf Gaspard,**
Appellant,

vs.

**Fania Innocent,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Law Offices of Solangel Verde, and Solangel Verde, for appellant.

No appearance by appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

PER CURIAM.

Because Appellant Adolf Gaspard has failed to meet his burden to demonstrate reversible error, and because Gaspard has not demonstrated any fundamental error on the face of the order appealed, we affirm. It is well-established that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error[,]" Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979), so the lack of a trial transcript or a proper substitute results in a record that is inadequate to demonstrate reversible error and requires affirmance. Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 934-35 (Fla. 3d DCA 2019) ("The absence of a hearing transcript at which the trial court made this decision prevents any meaningful review of whether the trial court abused its discretion in this regard"); Rodriguez v. Lorenzo, 215 So. 3d 631, 632 (Fla. 3d DCA 2017) ("Because the standard of review is abuse of discretion, and the former wife has not provided this Court with a transcript of the relevant proceedings, the former wife has [not] . . . shown an abuse of the trial court's discretion"); Haddad v. Khan, 54 So. 3d 524, 525 (Fla. 3d DCA 2010) ("In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed") (quoting Mayfield v. Mayfield, 929 So. 2d 671, 672 (Fla. 5th DCA 2006))).

Affirmed.