# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1623
Lower Tribunal No. 14-31340
_____

**Evelyn Martinez, et al.,**
Appellants,

vs.

**Selene Finance LP,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC and David Rosenberg (Boca Raton), for appellee.

Before LOGUE, C.J., and LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 673.3081(1), Fla. Stat. (2022); <u>Bennett v. Deutsche</u>

Bank Nat. Tr. Co., 124 So. 3d 320, 323 (Fla. 4th DCA 2013) (holding that plaintiff bank was entitled to rely on presumption that signature on indorsements was authentic as provided in section 673.3081(1) in absence of evidentiary showing by defendants to support their claim that signature was unauthorized); accord Selim v. Wells Fargo Bank, N.A., 2023 WL 5731201, *1, 48 Fla. L. Weekly D1790 (Fla. 3d DCA Sept. 6, 2023); Barsan v. Trinity Fin. Servs., LLC, 258 So. 3d 516 (Fla. 3d DCA 2018); see also G & G In-Between Bridge Club Corp. v. Palm Plaza Assoc., 356 So. 3d 292, 299 (Fla. 2d DCA 2023) (explaining that under Florida's "new" summary judgment standard, when plaintiff moves for summary judgment on its claims, defendant bears initial burden of showing affirmative defense applies because defendant bears burden of proof on affirmative defense at trial); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1133 n.2 (Fla. 3d DCA 2023) (holding that under "new" summary judgment standard defendant bore burden of showing affirmative defense applied and precluded summary judgment (citing id. at 299–300)).