# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1338
Lower Tribunal No. 23-6119-FC-04
_____

**Sasha Benlolo,**
Appellant,

vs.

**Judith Levy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Sasha Salvador Benlolo Cababie, in proper person.

No appearance, for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

PER CURIAM.

The appellant husband appeals a final judgment of dissolution of

marriage arguing that the final judgment: (1) does not comport with an "oral settlement" the parties stated on the record at a February 20, 2025 final hearing on competing petitions for dissolution of marriage with minor children; (2) fails to incorporate contempt findings made by the general magistrate and adopted by the trial court after the final hearing and before entry of the final judgment; and (3) imposed financial obligations that exceed his ability to pay as shown by testimony presented at the final hearing.  We are compelled to affirm as the husband's failure to provide this court with the transcripts of the final hearing and the hearing on his rehearing motion renders us unable to review his challenges to the final judgment, and the husband has not otherwise shown that the final judgment is fundamentally erroneous on its face.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.  Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Haddad v. Khan, 54 So. 3d 524, 525 (Fla. 3d DCA 2010) ("In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed." (quoting

Mayfield v. Mayfield, 929 So. 2d 671, 672 (Fla. 5th DCA 2006)); Cardona v. Casas, 225 So. 3d 384 (Fla. 3d DCA 2017) ("[W]e cannot review whether the trial court abused its discretion or committed harmful error without a transcript or reconstructed record of the multi-day dissolution . . . .").

Affirmed.